George Bucher, Chairman; Leonard Ettinger, Secretary, and Harrison J. Trapp, Commissioners, Philadelphia Civil Service Commission, Room 600 Municipal Services Building, Philadelphia, Pa. 19107 and Lewis Taylor, Personnel Director, Room 600 Municipal Services Building, Philadelphia, Pa. 19107, *v.* American Federation of State, County and Municipal Employees, AFL-CIO, District Council 33, by its Trustee ad litem, Charles Dade, 1320 Arch Street, Philadelphia, Pa. 19107.

George Bucher, Leonard Ettinger, Harrison J. Trapp and Lewis Taylor, Appellants.

Argued October 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Paul L. Rucci,* Assistant City Solicitor, with him *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellants.

*Robert S. Pearlstein,* with him *Richard Kirschner, Miriam L. Gafni,* and *Markowitz & Kirschner,* for appellee, AFSCME.

*David H. Marion,* for appellee, Trustee Ad Litem.

PER CURIAM OPINION, November 13, 1975:

On December 19, 1974, the Court of Common Pleas of Philadelphia County issued an order appointing a trustee ad litem to protect the interests of certain members of the public likely to be affected by the action then pending before that court involving the Civil Service Commissioners, the Personnel Director of the City of Philadelphia (appellants) and the American Federation of State, County and Municipal Employees, AFL-CIO, District Council 33 (appellee). On January 14, 1975,

appellants filed an appeal from the December 19th order with this Court. That appeal was subsequently withdrawn on February 27, 1975, and, on that same day, appellants filed a "petition for reconsideration" with the Philadelphia Common Pleas Court. Thereafter, on April 11, 1975, said petition was denied, and a second appeal was filed with this Court on April 22, 1975. Appellee responded with a motion to quash, now before us for disposition.

The order which precipitated the instant appeal was entered on December 19, 1974, but the filing of this appeal did not occur until April 22, 1975, a period well in excess of the statutorily prescribed thirty day limitation.[1] The question thus arises: whether the events which transpired during the period between the dates of entry of the order and of the filing of the appeal therefrom acted as a stay of the thirty day appeal period, rendering the instant appeal timely as filed?

Appellants' initial appeal to this Court was timely filed under Section 502 of the ACJA. Obviously, that action, when viewed at the date taken, would have ordinarily dispensed with the need for further consideration of Section 502. Because of two subsequent events, namely, the withdrawal of that appeal and the filing of appellants' petition for reconsideration, this is not the ordinary case. We will not pursue the novel question of whether the subsequent withdrawal of that appeal voided ab initio the January 14th filing and thereby insured the untimeliness of any later attempts by appellants to obtain review by this Court. Rather, we will assume, but only for argument's sake, that such a result would not obtain, and treat February 27, 1975, the date of said withdrawal, as the order entry date for purposes of Section 502. There-

---

1. Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, as amended, 17 P.S. §211.502 (ACJA).

fore, unless otherwise extended by appellants' petition for reconsideration before the lower court, the thirty day appeal period of Section 502 would have expired before the filing of this appeal on April 22, 1975.

Prior to 1973, the general rule was "well settled that a motion for a rehearing or the allowance of a rule for reargument or for a rehearing, will not have the effect of tolling an appeal statute where no stay of proceedings has been granted pending the Court's or the administrative body's decision thereon: . . . ."[2] However, in *Alco Parking Corporation v. Pittsburgh*, 453 Pa. 245, 307 A.2d 851 (1973), *rev'd on other grounds*, 417 U. S. 369 (1974), our Supreme Court held that the *granting* of a petition for reargument within the thirty day appeal period evidenced an intent on the part of the granting court to stay the appeal period pending a resolution after reargument.

"To slavishly adhere . . . to a rule requiring a court to also issue an order staying the proceedings would be needlessly elevating mere form over substance." 453 Pa. at 251, 307 A.2d at 855.

The rationale behind this variation from the pre-1973 approach is obvious, namely, that by granting a petition for reargument, the granting court has recognized a certain potential for a reversal or modification of its initial decision, and, in the face of such potential, it would be senseless to require the petitioner to appeal that decision. Unfortunately for appellants, neither the Supreme Court's holding nor its rationale has any application to appellants' situation. Here, the petition was refused, which, under *Alco*, implied an intent of the lower court *not* to stay the appeal period. Further, the very fact of refusal indicated a lack of recognition by the lower court that a potential existed for a reversal or modification of the December 19th order.

2. *Cumberland Valley Savings and Loan Ass'n v. Myers*, 396 Pa. 331, 338, 153 A.2d 466, 470 (1959). (Citations omitted.)

To allow the mere filing of a petition for reargument to act as an automatic stay of the statutory appeal period would provide even the most frivolous petitioner with a ready vehicle for unjustified delay.

The above appeal is quashed as untimely filed.

Judge MENCER concurs in the result only.