Doctors Osteopathic Hospital *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and American Federation of State, County and Municipal Employees, AFL-CIO, Intervening Appellee.

Doctors Osteopathic Hospital, Appellant.

Argued October 27, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard H. Zamboldi*, with him *Elderkin, Martin, Kelly, Messina & Zamboldi*, for appellant.

*Raymond W. Cromer*, Assistant Attorney General, with him *James F. Wildeman*, Assistant Attorney General, and *James L. Crawford*, Assistant Attorney General, for appellee.

*Miriam L. Gafni*, with her *Richard Kirschner, Neal Goldstein*, and *Markowitz & Kirschner*, for intervening appellee.

PER CURIAM OPINION, November 20, 1975:

On February 14, 1974, Doctors Osteopathic Hospital (appellant) filed an appeal from an adverse ruling of the Pennsylvania Labor Relations Board (PLRB) with the Erie County Court of Common Pleas. By opinion and order dated October 3, 1974, that court dismissed the appeal. On October 7, 1974, appellant petitioned the Erie County court for reargument. However, appellant neither requested nor was granted a stay of the proceedings pending the lower court's decision on the merits of appellant's petition. Thereafter, on December 4, 1974, reargument was denied. The instant appeal was filed with this Court on December 20, 1974, a date beyond the thirty day appeal period (as measured from the date of entry of the lower court's order dismissing the appeal, or October 3, 1974) mandated by the Appellate Court Jurisdiction Act of 1970.[1] This factor precipitated the filing of a motion to quash, for untimeliness, by the PLRB.

Our disposition of the motion to quash is clearly controlled by our recent decision in *Bucher v. American Federation of State, County and Municipal Employees*, 21 Pa. Commonwealth Ct. 602, 347 A.2d 497 (1975). There, we were confronted with the question of whether

---

1. Section 502 of the Act of July 31, 1970, P. L. 673, *as amended*, 17 P. S. §211.502.

the mere filing of a petition for reargument, which is subsequently denied, effects a tolling of the thirty day appeal period. There, we were cognizant of the Supreme Court's decision in *Alco Parking Corporation v. Pittsburgh,* 453 Pa. 245, 307 A.2d 851 (1973), *rev'd on other grounds,* 417 U. S. 369 (1974), in which the Court held that the granting of a petition for reargument within the thirty day appeal period acted as a tacit stay of the proceedings and, thus, tolled the thirty day appeal period pending a resolution after reargument. Finally, there, we distinguished *Alco* and found that neither the Supreme Court's holding nor its rationale had any application where a petition for reargument is *denied.* This case is *Bucher* "revisited," and it merits identical treatment.

The above appeal is quashed as untimely filed.