369 A.2d 400

Stanley J. BLAKE, Appellee,

v.

MAYO NURSING AND CONVALESC-ING HOME, INC., Appellant.

Superior Court of Pennsylvania.

Argued Dec. 15, 1975.

Decided Nov. 22, 1976.

Robert A. Rosin, Philadelphia, for appellant.

Benjamin Pomerantz, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal must be quashed. Because the factual basis has no relevance to this disposition, we will not set it forth, except to note that an alleged contract of employment and alleged breach thereof gave rise to this action. Arbitration resulted in an award for appellant, which appellee, as was his right, appealed to the Court of Common Pleas. In a non-jury trial held October 25, 1974 appellant did not appear, and a verdict was entered on that date for appellee in the amount of Fourteen Thousand Forty ($14,040) Dollars. On November 18, 1974 judgment was entered on this verdict.

Thereafter there were voluminous proceedings in the lower court commencing on November 21, 1974 with ap-

pellant's Petition to Open Judgment and/or Set Aside Verdict. The procedural history then becomes quite involved. This appeal was taken June 25, 1975 from the denial on June 17, 1975 of a Petition for Reconsideration.

Disposition of this case is quite clearly governed by the failure of appellant to file exceptions to the non-jury verdict of October 25, 1974. Pa.R.C.P. No. 1038 requires that exceptions be taken within twenty (20) days. Matters not covered by exceptions are waived. The proceedings in the lower court commencing on November 21, 1974 are completely meaningless and avail appellant no route to what is at best a collateral attack on the verdict of October 25, 1974 and the judgment entered thereon on November 18, 1974.

The appeal is quashed.

SPAETH, J., files a dissenting opinion in support of affirmance in which HOFFMAN, J., joins.

SPAETH, Judge, dissenting in support of affirmance:

The somewhat curious title of this opinion may be explained as follows: I disagree with the majority's conclusion that the appeal should be quashed; I would consider it on the merits. So far as concerns the parties, this disagreement is of little importance, for when the appeal is considered on the merits, the conclusion is reached that the order of the lower court should be affirmed. Thus either way—the majority's or mine—appellant loses. So far as concerns the law, however, it may perhaps contribute a little bit if I state the basis of my disagreement with the majority.

## I

As the majority indicates, the procedural history of the case is involved. We must nevertheless work our way through it, if the issues are to be understood.

On November 17, 1966, appellee brought an action in assumpsit alleging that appellant had improperly discharged him as the executive director of its nursing home. The case was not tried until February 22, 1973, when a panel of arbitrators found in favor of appellant. Appellee appealed, and the case was assigned to Judge Bolger. After several continuances because of the illness of appellant's principal witness, Judge Bolger gave notice (this notice will be more fully discussed later) that the case would be tried on October 25, 1974. Only appellee and his counsel appeared. Upon being satisfied that appellant had been notified of the trial date, Judge Bolger received appellee's testimony, and found for appellee in the amount of $14,040. On November 18, 1974, judgment was entered on that finding.

On November 21, 1974, appellant's counsel filed a petition to open or set aside the judgment. The gist of the petition was that appellant had in fact not been notified of the trial date. On December 27, 1974, Judge Bolger denied the petition.

On January 17, 1975, counsel for appellant filed a petition and rule to show cause why he should not be allowed to file a petition for reconsideration of Judge Bolger's order. He did not file this petition and rule with Judge Bolger but with Judge Greenberg, who was then the Administrative Judge. Judge Greenberg, after consulting with Judge Bolger, granted the petition, made the rule absolute, set aside Judge Bolger's order of December 27, 1974, and stayed execution of the judgment.

On January 28, 1975, appellant filed its petition for reconsideration. Counsel for appellee thereupon filed a petition for writ of prohibition with the Supreme Court. It was counsel's theory that Judge Greenberg had had no authority to set aside Judge Bolger's order, and should therefore not hear the petition for reconsideration. The Supreme Court denied the petition for writ of prohibi-

tion but directed that the petition for reconsideration be heard by Judge Bolger. On June 9, 1975, Judge Bolger did hear the petition for reconsideration, and on June 17, 1975, he denied it. This appeal is from that denial; the appeal was filed on June 25, 1975.

## II

### -A-

Appellee contends that the appeal should be quashed because it is from an order denying a petition for reconsideration. Appellee notes that Judge Bolger denied appellant's petition to open the judgment by order of December 24, 1974. According to appellee, if appellant wished to appeal from that order, it had to do so within 30 days.

It is true that the mere filing of a petition for reconsideration will not stay the running of the time within which an appeal must be taken. *Bucher v. American Fed. of St., Cty. and Mun. Emp., D.C. 33*, 21 Pa.Cmwlth. 602, 347 A.2d 497 (1975); *Doctors Osteopathic Hosp. v. Pennsylvania Lab. R. Bd.*, 22 Pa.Cmwlth. 41, 347 A.2d 499 (1975). There will be a stay, however, if the lower court orders one. *Ifft v. Hunter*, 202 Pa.Super. 487, 489, 198 A.2d 436, 437 (1964). Here, the lower court did not simply order a stay of Judge Bolger's order of December 27, 1974; acting by Judge Greenberg, the lower court set the order aside and stayed execution of the judgment. Therefore, after Judge Greenberg's order there was no order left from which appellant could appeal. There was not again an appealable order until after appellant had filed its petition for reconsideration on January 28, 1975, and Judge Bolger had denied that petition by his order of June 17, 1975. What we have before us now is appellant's appeal from that order of denial. Since the appeal was filed on June 25, 1975, it was timely.

-B-

Appellee next contends that Judge Greenberg did not have authority to set aside Judge Bolger's order. The theory is that if Judge Greenberg's action is set aside, the effect will be to reinstate Judge Bolger's order of December 24, 1974, with the result that this appeal would have been filed too late and should therefore be quashed.

The difficulty with this theory is that appellee has already argued to the Supreme Court, in support of the petition for writ of prohibition, that Judge Greenberg did not have authority to set aside Judge Bolger's order. Since the Supreme Court, by denying the petition for writ of prohibition, rejected the argument, we need not consider it; the Supreme Court's decision is the law of the case. *Haefele v. Davis*, 380 Pa. 94, 110 A.2d 233 (1955); *Blymiller v. Baccanti*, 236 Pa.Super. 211, 344 A. 2d 680 (1975).

-C-

Finally, appellee contends that appellant, instead of filing a petition to open the judgment, should have filed exceptions. The majority has accepted this contention. Thus it states:

> Disposition of this case is quite clearly governed by the failure of appellant to file exceptions to the non-jury verdict of October 25, 1974. Pa.R.C.P. No. 1038 requires that exceptions be taken within twenty (20) days. Matters not covered by exceptions are waived.

Majority opinion at p. 276.

This statement begs the question. *If* appellant *knew* about the non-jury verdict of October 25 in time to file exceptions, and nevertheless did not file them, *then*, to be sure, no appeal could be taken from a judgment entered on the verdict; and if an appeal were taken, it would be quashed. Here, however, the question is whether appel-

lant *did* know about the verdict in time to file exceptions. According to appellant's petition to open the judgment, and its petition for reconsideration, it did not know about the verdict until after the judgment had been entered. If this is so, appellant did not "fail" to file exceptions; it could not file them. There was nothing for it to file exceptions to. One does not file exceptions to a judgment; one petitions to open the judgment, which is what appellant did.

Judge Bolger recognized that appellant's procedure was correct. He denied appellant's petition to open because, after receiving testimony on the petition, he found that appellant had received notice that the case would be tried on October 25. From this finding it followed that the failure of appellant to appear at the trial, and its consequent failure to know about the verdict and ensuing judgment, were appellant's own fault. Accordingly, Judge Bolger concluded that the petition to open should be denied, and so should the petition for reconsideration. The question we must decide is whether this conclusion was warranted.

## III

In considering a petition to open a judgment, the lower court sits as a court in equity. In reviewing its decision, we reverse only for an abuse of discretion. *Liberty National Bank of Pittston v. Degillio,* 406 Pa. 127, 176 A.2d 446 (1962); *Ab v. Continental Imports,* 220 Pa.Super. 5, 281 A.2d 646 (1971). If appellant did receive notice of the trial and nevertheless failed to appear, we cannot say that Judge Bolger abused his discretion in denying the petition to reconsider his earlier denial of the petition to open.

From appellant's point of view, the difficulty started when James McCrudden, Esquire, who had represented appellant at the arbitration hearing, wrote Judge Bolger that he was going to withdraw. The original stockhold-

ers of appellant were Messrs. Biggins and Ronis; Mr. McCrudden had been retained by Mr. Biggins. In his letter to Judge Bolger, Mr. McCrudden stated that he was no longer authorized to represent appellant because Mr. Biggins had died.

What happened next is by no means clear. Stated generally, the question Judge Bolger had to decide was what effect, if any, Mr. McCrudden's announced intention to withdraw had, so far as concerned notice to appellant of the trial date.

It appears that after appellee filed his complaint, in 1966, appellant's stock was sold twice, once in 1967, and again in 1971. Without going into detail, suffice it to say that because of these sales, two additional counsel became involved: Allen Feingold, Esquire, who represented Mr. Rosin; and Marvyn Gould, Esquire, who represented the 1967 purchasers of the Biggins-Rosin stock. As Mr. Rosin was one of the stockholders when appellee was hired by appellant, he knew of appellee's claim.

The notice that the case was listed for trial on October 25, 1974, was sent to Mr. McCrudden, Mr. Gould, and appellant. Notice was also published in the Legal Intelligencer from October 2, 1974, to October 25, 1974. Again without going into detail, suffice it to say that Judge Bolger could have found, as he did find, that appellant had actual notice of the proceedings pending against it and yet did nothing to protect its interests. As Judge Bolger concluded in his opinion of September 23, 1975 (written in response to this appeal):

> . . . the defendant [appellant] received and digested the trial notice and then took no action in response thereto . . . . Under all the circumstances of this case, it has not given a reasonable excuse for its failure to appear and defend at the trial.
> Slip opinion at 5.

Accordingly, no abuse of discretion appearing, the order of the lower court denying appellant's petition for reconsideration should be affirmed.

HOFFMAN, J., joins in this opinion.