374 A.2d 1277
DOCTORS OSTEOPATHIC HOSPITAL,
Appellant,

v.

PENNSYLVANIA LABOR RELATIONS BOARD and
American Federation of State, County
and Municipal Employees.

Supreme Court of Pennsylvania.
Argued April 18, 1977.
Decided July 8, 1977.

Richard H. Zamboldi, Elderkin, Martin, Kelly, Messina & Zamboldi, Erie, for appellant.

James F. Wildeman, Raymond W. Cromer, Forest N. Myers, Pa. Labor Relations Board, Harrisburg, Richard Kirschner, Philadelphia, for Amer. Fed. of State, County & Municipal Employees Intervenor.

Neal Goldstein, Miriam L. Gafni, Markowitz & Kirschner, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Pursuant to a Petition for Representation filed with the Pennsylvania Labor Relations Board ("Board") by the American Federation of State, County, and Municipal Employees ("Union"), hearings were held and an election was conducted to determine the exclusive representative of the employees of appellant, Doctors Osteopathic Hospital ("Hospital").

The election resulted in 125 votes in favor of representation by the Union, 100 votes for no representation, and 36 ballots challenged by appellant. The Board conducted a hearing, and took testimony as to the challenged ballots. On October 18, 1973, the Board certified the Union as the exclusive representative of Hospital's employees,

excluding confidential, supervisory and management level employees, and guards. Appellant's exceptions to the Board's order were dismissed on January 17, 1974.

On February 14, 1974, appellant appealed to the Court of Common Pleas of Erie County, which, on October 3, 1974, affirmed the Board's order. Appellant then filed a "Petition for Reargument and Reconsideration", and on October 8, 1974, the Erie County court issued the following Order:

"ORDER

AND NOW, this 8 day of October, 1974, it is hereby ordered that the parties are directed to show cause why the Opinion and Order of October 3, 1974, should not be reconsidered and revised pursuant to the Petition for Reargument and Reconsideration. The parties may submit briefs in support of their respective positions on or before Nov. 18, 1974, and oral argument on the Motion will be heard Nov. 27, 1974. At 9:30 A. M."

Briefs were submitted and oral argument heard pursuant to this order. The Court then issued the following:

"ORDER OF COURT

AND NOW, December 4, 1974, it is ordered and decreed as follows:

On October 3, 1974 an Opinion and Order were filed dismissing the Appeal and Petition for Review filed by Doctors Osteopathic Hospital.

A Petition for Reargument and Reconsideration was later filed asserting a change in Federal Law plus the case of *BROWNSVILLE v. P.L.R.B.* [15 Pa.Cmwlth. 428] 325 A.2d 662, 1974, holding that a hospital (perhaps such a hospital as Doctors Osteopathic) is not a 'public employer' under Pennsylvania's Act 195 and

hence challenging the jurisdiction of the Pennsylvania Labor Relations Board in this matter.

The Court understands that the Brownsville decision may be before the Supreme Court of Pennsylvania for a definitive decision.

Finding this Court in a limbo world and being unsure of both the status of the law and the Court's power in this situation, I believe the proper remedy would be to dismiss the case and permit Doctors Osteopathic Hospital to file an appropriate appeal.

## ORDER

AND NOW, December 4, 1974, the Petition for Reargument and Reconsideration, filed by Doctors Osteopathic Hospital, is dismissed."

On December 20, 1974, Hospital appealed to the Commonwealth Court. In response, the Board filed a Motion to Quash, alleging that the appeal was not timely filed. The Commonwealth Court dismissed the appeal as untimely. *Drs. Ostpthc. Hos. v. Pa.L.R.B.*, 22 Cmwlth. 41, 347 A.2d 499 (1975). Hospital's Petition for Reargument was then denied. On March 22, 1976, we granted Hospital's Petition for Allowance of Appeal and this appeal followed.

Initially, appellant argues that the Commonwealth Court erroneously dismissed its appeal as untimely filed. For the reasons that follow, we agree. We therefore vacate the Commonwealth Court's order quashing Hospital's appeal, and remand the case to the Commonwealth Court for consideration of the merits of that appeal. In addition, the Commonwealth Court is to consider the Motion to Dismiss (on mootness grounds) filed by the Board.

The Commonwealth Court dismissed Hospital's appeal stating:

"By opinion and order dated October 3, 1974, [the Erie County] court dismissed the appeal. On October

7, 1974, appellant petitioned the Erie County court for reargument. However, appellant neither requested nor was granted a stay of the proceedings pending the lower court's decision on the merits of appellant's petition. Thereafter, on December 4, 1974, reargument was denied. The instant appeal was filed with this Court on December 20, 1974, a date beyond the thirty day appeal period (as measured from the date of entry of the lower court's order dismissing the appeal, or October 3, 1974) mandated by the Appellate Court Jurisdiction Act of 1970. [Act of July 31, 1970, P.L. 673, § 502, as amended, 17 P.S. § 211.502] This factor precipitated the filing of a motion to quash, for untimeliness, by the PLRB.

Our disposition of the motion to quash is clearly controlled by our recent decision in *Bucher v. American Federation of State, County and Municipal Employees*, [21 Pa. Commonwealth Ct. 602, 347 A.2d 497 (1975) ]. There, we were confronted with the question of whether the mere filing of a petition for reargument, which is subsequently denied, effects a tolling of the thirty day appeal period. There, we were cognizant of the Supreme Court's decision in *Alco Parking Corporation v. Pittsburgh*, 453 Pa. 245, 307 A.2d 851 (1973), *rev'd on other grounds*, 417 U.S. 369, 94 S.Ct. 2291, 41 L. Ed.2d 132 (1974), in which the Court held that the *granting* of a petition for reargument within the thirty day appeal period acted as a tacit stay of the proceedings and, thus, tolled the thirty day appeal period pending a resolution after reargument. Finally, there, we distinguished *Alco* and found that neither the Supreme Court's holding nor its rationale had any application where a petition for reargument is *denied*. This case is *Bucher* "revisited", and it merits identical treatment."

The Commonwealth Court's opinion states that the appellant's petition for reargument was filed on October 7,

1974, and denied on December 4, 1974. The opinion implies that nothing occurred between the dates of October 7, 1974 and December 4, 1974. As we have indicated, however, in the recitation of the history of the case, after the appellant filed its petition for reargument on October 7, 1974, the Court of Common Pleas issued its order of October 8, 1974, which is not referred to in the Commonwealth Court opinion. Following the October 8, order, briefs were submitted and oral argument heard pursuant to the October 8 order. Only after the consideration of the briefs submitted and the oral argument did the Court of Common Pleas issue its order of December 4, 1974.

We conclude that the Common Pleas court's order of October 8, 1974, can be reasonably interpreted only as a grant of Hospital's petition for reargument. That order requested the filing of briefs and scheduled oral argument to consider whether or not "the Opinion and Order of October 3, 1974" (dismissing Hospital's petition) should be "reconsidered and revised pursuant to the Petition for Reargument and Reconsideration." Although the October 8, order does not specifically use the words "petition granted", a litigant reading that order would reasonably conclude that the petition for reargument had been granted.

Moreover, briefs were submitted and reargument actually took place prior to the December 4, 1974 order. That order indicates that the court did reconsider its original order of October 3, 1974, but decided to affirm it. Although the December 4, 1974 order states that the Petition for Reargument and Reconsideration "is dismissed", a consideration of all the circumstances allows only the conclusion that the Petition for Reargument was granted, reargument and reconsideration took place and the trial court reaffirmed its earlier position. Any other result would involve an unreasonably technical approach interpreting the word "dismissed" out of context.

Since the appellant's Petition for Reargument and Reconsideration was granted on October 8, 1977, the statutory appeal period was automatically tolled pending a reconsideration of the merits after reargument. *Alco Parking Corp. v. Pittsburgh,* 453 Pa. 245, 249–251, 307 A.2d 851, 854–855 (1973), rev'd on other grounds, 417 U.S. 369, 94 S.Ct. 2291, 41 L.Ed.2d 132 (1974). (Part I of the opinion of Mr. Justice Roberts in *Alco* concerned the timeliness of the appeal. The dissenting views in *Alco* were not to Part I.)

As we said in *Alco Parking, supra,* at 250, 307 A.2d at 854:

"The granting of a petition for reargument within the 30-day appeal period necessarily indicates an intention by the granting court to stay the proceedings, and is in reality such a stay, in order to keep the record before that court, during reargument, pending any change or modification of the court's initial order after reargument."

We emphasized in *Alco Parking, supra,* at 251, 307 A. 2d at 855, that it is illogical to place a party in two courts at once by forcing the filing of an appeal before the petition for reargument has been denied by the trial court.

"Certainly it is illogical, as well as senseless, to require a litigant to file an appeal, or petition for allowance of appeal, to a second appellate court while his case is still pending before the first appellate court, about to reconsider his case. To compel him to do so in advance of the reargument is indeed a useless, wasteful, and premature procedure. Assuming the court's initial decision is reversed upon reargument, the litigant may not even desire to file an appeal at the later time. If an appeal is desired after the reargument, that is the appropriate time for setting the appeal procedure in motion. This Court will not mandate such a pur-

poseless burden and expenditure of professional and judicial time and effort."

The same illogical result would follow in this case were we to insist that appellant take its appeal from the trial court's order of October 3, 1974, while, at the same time, it was pursuing its Petition for Reargument and Reconsideration in accordance with the trial court's order of October 8, 1974. Having concluded that the trial court's order of October 8, 1974, was a grant and not a denial of appellant's petition for reargument, it follows that the Commonwealth Court's reliance on *Bucher v. American Federation of State, County and Municipal Employees,* 21 Pa.Cmwlth. 602, 347 A.2d 497 (1975), is misplaced.

Order vacated and the case remanded for further proceedings consistent with this opinion.