## Seitz, et ux. *v.* Commonwealth.

426

Argued October 3, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR ., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Albert S. Fein,* with him *Hugh G. Grady* and *Fein,
Criden, Johanson, Dolan & Morrissey,* for appellants.

*George Bristol,* Assistant Attorney General, with
him *Marie Inyang,* Special Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *J.
Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, October 27, 1972:

As alleged in the appellants' Petition for Appoint-
ment of Board of Viewers, at all times relevant here,
they were the owners of a dwelling house and surround-
ing plot of ground located on Fitzwatertown Road,

Abington Township, Montgomery County. On September 17, 1963, some of the appellants' land was condemned by the Governor of Pennsylvania approving plans which provided for the physical taking of a certain area of appellants' premises "a widening and an elevation of the grade of said roadway at a point, and redesign of a curve therein immediately in front of said premises."

This part of the road was actually constructed during June, July, and August of 1965. On June 29, 1965, the Commonwealth offered appellants $3,000. The appellants accepted the offer, signed a release, which is part of the record as exhibit "A" of appellee's Petition to Dismiss, and the money was paid on July 21, 1965. The road was completed and opened for public use during July or August of 1965.

The appellants assert their right to additional compensation now on the theory that the $3,000 they received at the time the road was built was to compensate only for the land and not for the consequential damages due to the change in grade and the increase in the speed of the traffic traveling the highway.

The release provides: "(Appellants) do (does) hereby remise, release, quitclaim and forever discharge the Commonwealth and/or any agency or political subdivision thereof, and/or its or their employees or representatives, of and from all suits, damages, claims and demands whatsoever, in law or equity or otherwise, against it or them or any of them, for or on account of any taking, injury or destruction of property, through or by reason of the condemnation and construction of the said highway, including the change of any streams, water courses, drainage or drainage structures or facilities, or through or by reason of the subsequent maintenance thereof according to the standards of the Department of Highways." There is no question that the taking here involved is the same taking covered by the re-

lease. Not only is there no allegation or evidence that the road was not constructed in accordance with the plans approved by the Governor, indeed there is affirmative undisputed evidence that the road was constructed in accordance with the plans.

Since the opening of the reconstructed highway, it is appellants' contention that there is more traffic, that it moves at a higher rate of speed, and that on many occasions, cars careen from the highway and come on to their property, greatly reducing its value. In paragraph 11 of appellants' Petition for Appointment of Board of Viewers, they assert: "11. Said damages are additional and far in excess of those for which the plaintiffs accepted the compensation offered by the defendant at the time of taking as set forth in paragraph 7 above." Quite apart from other possible legal impediments to appellants' case, the release is a complete bar. *McClelland Appeal*, 430 Pa. 284, 242 A. 2d 438 (1968). *Agardy v. Pleasant Hills Borough*, 394 Pa. 350, 147 A. 2d 366 (1959).

This Court is sympathetic with appellants' loss of use of their property. It would seem that there most certainly must be steps that could be taken by the Department of Transportation that would minimize, and to an extent alleviate, the hazard to life and property occasioned by the reconstruction of this curve. We would urge that the Department reexamine its position that nothing can be done that has not already been done. Nevertheless, this reconstruction was taking place when the release was signed and was completed or nearly completed at the time the appellants accepted the $3,000 payment. They were confronted with the not unusual, difficult problem which confronts all who are contemplating accepting a settlement for the damages due to an eminent domain taking. They had to visualize, difficult as it might be, all the damages to which they might be entitled by virtue of that taking.

We need not decide whether the Eminent Domain Code of 1964, Act of June 22, 1964, P. L. 84, 26 P.S. 1-201, or the earlier acts, apply. There was only one taking. The road was reconstructed in accordance with the plans signed by the Governor. All compensable damages flowing from the one taking were covered by the one release.

Finally, appellants take the position that the lower court was without authority to decide this question preliminarily and that they were entitled to present testimony on this question to the Board of Viewers. The appellants did have an opportunity to present testimony, by way of depositions, to the court below and, in fact, presented such testimony. In this entire record there is actually no dispute on the facts.

Both under the prior law, and the Eminent Domain Code of 1964, the matter of a prior release could be raised preliminarily, and having been established is a bar to further action by the Board of Viewers. "Any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers. Objections to the form of the petition or the appointment or the qualifications of the viewers are waved unless included in preliminary objections. The court shall determine promptly all preliminary objections and make such orders and decrees as justice shall require. If an issue of fact is raised, evidence may be taken by deposition or otherwise as the court shall direct." Act of June 22, 1964, P. L. 84, Art. V, §504, as amended by Act of December 5, 1969, P. L. 316, §1, 26 P.S. 1-504. That this covers the matter of a prior release being raised preliminarily seems clear beyond question. An able discussion of this under the prior law and the 1964 Code is contained in Snitzer, Pennsylvania Eminent Domain (1965), Section 504, page 185, and in the 1965-70 Supplement, page 64. Snit-

430

zer's conclusion is in accord with our decision in this case.

Affirmed.