Penn Iron Works, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 5, 1974, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Raymond C. Schlegel,* with him *Balmer, Mogel, Speidel & Roland,* for appellant.

*Jerry R. Richwine,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, June 7, 1974:

The Department of Transportation (Department) filed a declaration of taking on April 24, 1969, for the condemnation of property owned by the appellant, the Penn Iron Works, Inc. (condemnee) and used for a manufacturing plant. On July 14, 1969, the parties entered into a final settlement agreement for damages which provided in part:

"WHEREAS the property (or property interest) of the CONDEMNEE has sustained damages as a result of said condemnation;

"Now, THEREFORE, in consideration of the sum of SIX HUNDRED THOUSAND, SIX HUNDRED ($600,600.00) Dollars, which sum the COMMONWEALTH agrees to pay, the CONDEMNEE does hereby release, remise, quitclaim and forever discharge the CONDEMNOR or any agency or political subdivision thereof or its or their employees or representatives of and from all suits, damages, claims and demands which the CONDEMNEE might otherwise have been entitled to assert under the provisions of the Eminent Domain Code, Act No. 6, 1964 Special Session, as a result of the aforesaid condemnation.

"It is understood that the CONDEMNEE shall retain all machinery and equipment."

Subsequently the condemnee began its operation at a nearby location after having moved machinery, equipment, inventory, office furniture and fixtures from the condemned location. The Board of View and the lower court would not agree with the condemnee's contention that it should be awarded the costs of moving its business, particularly its machinery, equipment and fixtures, either under the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Spec. Sess., *as amended*, 26 P.S. §1-101 et seq., or under Sections 304.2 of the State Highway Law, Act of June 1, 1945, P. L. 1242, *as amended*, 36 P.S. §670-304.2.[1] (The Department stipulated that it would pay $3,505.12 for the cost of the removal of personal property.)

We must now determine whether or not the lower court abused its discretion or committed an error of

---

[1] These items are recoverable only because the Legislature has so provided and are not otherwise separate and distinct items of damage for "just compensation." *Apple Storage Company v. School District of Philadelphia*, 4 Pa. Commonwealth Ct. 55, 284 A. 2d 812 (1971).

law or if sufficient competent evidence supports the findings of fact and conclusions of law. *Blank v. Columbia Gas of Penna., Inc.,* 11 Pa. Commonwealth Ct. 304, 314 A. 2d 880 (1974). We agree with the lower court that the condemnee should receive only those damages which it had specifically agreed upon with the Department to be payable.

In this case the parties themselves determined what their rights would be upon condemnation. Their final settlement shows a clear consideration which the condemnee is now attempting to circumvent. "It is axiomatic that, when two parties bargain in good faith and come to an agreement acceptable at the time, one party cannot later come to this court or any other and ask for a change in the terms of the agreement because it has not worked to his advantage." *Chapleski v. Department of Transportation,* 5 Pa. Commonwealth Ct. 482, 487, 291 A. 2d 360, 363 (1972). "They [the condemnees] were confronted with the not unusual, difficult problem which confronts all who are contemplating accepting a settlement for damages due to an eminent domain taking. They had to visualize, difficult as it might be, all the damages to which they might be entitled by virtue of that taking." *Seitz, et ux. v. Commonwealth,* 6 Pa. Commonwealth Ct. 425, 428, 296 A. 2d 280, 282 (1972).

Here the bargained-for consideration was six hundred thousand, six hundred dollars ($600,600.00) in exchange for a release of the condemnor from any claim for damages which the condemnee "might otherwise have been entitled to assert" under the Eminent Domain Code. It is clear that a release is a complete bar to any claim for further damages if all compensable damages are included in it. *Seitz, supra.*

The condemnee argues, however, that the release applied only to its property (or property interest) and not to moving expenses. A strictly construed reading

of the release, however, clearly reveals that the condemnation of the property (or property interest) was merely the reason for the settlement and not a limitation on the release which was just as clearly meant to cover all claims under the Eminent Domain Code.

Anticipating this interpretation of the release, the condemnee alternately contends that, even if the Eminent Domain Code remedies cannot be asserted, a viable remedy is available by way of Section 304.2(a) of the State Highway Law, 36 P.S. §670-304.2(a) which provided:[2] "Payments for Actual Expenses. Any displaced person *may elect* to receive actual reasonable expenses in moving himself . . . [or] his business . . . including personal property. In no event shall such expenses exceed the market value of the property moved. The distance of the move shall be reasonable, not to exceed fifty miles." (Emphasis added.) Section 304.5 of the State Highway Law, 36 P.S. §670-304.5 further explains: "Damages.—Nothing contained in the aforesaid sections . . . shall be considered as enlarging or changing the formulas employed in determining just compensation under the provisions of the 'Eminent Domain Code.' The damages herein provided are *in lieu of the damages provided for in sections 608, 609 and 610 of the 'Eminent Domain Code.'*" (Emphasis added.)

The State Highway Law remedy can be used only *in lieu of* Eminent Domain Code remedies. Contrary to the condemnee's assertion here, we find that the condemnee did use the Eminent Domain Code remedy as the bargaining element, i.e., the real consideration, which it "traded" for the settlement sum. It is basic contract law that a test of the validity of consideration is whether or not the promisee has suffered any detriment in return for the promise. Here, the condemnee

---

[2] This provision has since been repealed by the Act of December 29, 1971, P. L. 635.

(as promisee) had rights which it "might otherwise have been entitled to assert" under the provisions of the Eminent Domain Code. It chose to bargain with the rights under that Code and did not elect to bargain under the State Highway Law provisions. By using one statutory remedy as consideration, it had impliedly abandoned the other. It was the use of the Eminent Domain Code remedy, and not merely the release of rights thereunder, which now prohibits the application of the State Highway Law provisions to this condemnation.

For the above stated reasons, therefore, we affirm the order of the lower court.