Charles Susterick and Mary Susterick, his wife, Appellants v. Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 8, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Michael Hahalyak,* for appellants.

*Jeffrey L. Giltenboth,* Special Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 15, 1977:

Over the years, Charles and Mary Susterick have discovered the following items on their property: a 6-foot long piece of plywood, a motorcycle helmet, chunks of concrete, and an automobile headlight. What is unusual about this is the source of these items—they have fallen on the property from the Saline Street Bridge on the Parkway East in Allegheny County. In the present action, the Sustericks have alleged that the falling of such debris, as well as large amounts of water and snow, has amounted to a taking without compensation by the Commonwealth. Unfortunately for the Sustericks, a release signed by their predecessor in interest in 1953, when a portion of the property was condemned by the Pennsylvania Department of Highways (now Department of Transportation) (Commonwealth) bars their present action.

On August 21, 1953, in exchange for $2,500, a prior owner of the property signed a release which states, in pertinent part:

> [W]e . . . do hereby remise, release, quitclaim, and forever discharge the Commonwealth or any agency or political subdivision thereof, their employes or representatives, of and from all suits, damages, claims, and demands whatsoever, in law or equity or otherwise, against it or them or any of them, for or on account of any taking, injury, or destruction of property, through or by reason of the improvement of the said road . . . .

In an appraisal report dated June 25, 1953, in which an engineer for the Commonwealth estimated the damage from the condemnation at $2,500, the following observation was made on the nature of the damage:

> An overhead bridge carrying the Penn Lincoln Highway traffic is now within 33 feet of the

front wall of the dwelling, which at its base is approximately 82 feet below the floor of the overhead bridge. *Fast moving traffic on the bridge sprays rain water, ice and slush over a low guard, and showers the residence with dirty refuse.* This nuisance becomes an all weather hazard when *the careless motorist, not realizing the danger, disposes of bottles and debris over the rail* from his speeding auto. In addition to this, two drain pipes from the bridge floor discharge water underneath the bridge structure at points, where the *constant currents of air cause this waste water to be blown against the subject dwelling.* (Emphasis added.)

In the petition for appointment of viewers, the Sustericks alleged that they had been subjected to physical assault by the material falling from the bridge, that this interfered with access to their property, and that they had in other ways been deprived of full use and enjoyment of their property. Preliminary objections were filed by the Commonwealth and an evidentiary hearing was held. On January 14, 1976, the Court of Common Pleas of Allegheny County granted the Commonwealth's motion for dismissal. In response to the Sustericks' motion for a new trial or, in the alternative, a further evidentiary hearing, the lower court, by order dated February 11, 1976, set April 26, 1976, as the date of the hearing on the motion. At the hearing on April 26, the lower court accepted additional evidence on the alleged taking despite the Commonwealth's objection. By order dated the same day, the lower court affirmed its order of January 14, 1976. On May 19, 1976, appeal to this Court was filed. Subsequently, the Commonwealth filed a motion to quash, asserting that the Sustericks' appeal to this Court was untimely since they neither appealed nor

534

were granted a motion for reargument or reconsideration within 30 days[1] of January 14, 1976.

Our decision on the motion to quash is controlled by *Alco Parking Corp. v. Pittsburgh*, 453 Pa. 245, 307 A.2d 851 (1973), *rev'd on other grounds*, 417 U.S. 369 (1974). Although the Sustericks were not *granted* a motion for reargument within 30 days of the order, as was done in *Alco Parking Corp.*, this distinction is not determinative because the lower court here eventually allowed a second hearing and issued a new order. It is this order which is the subject of timely appeal to our Court. This case is thus distinguishable from one in which a petition for reargument or reconsideration was denied. *See, e.g., Doctors Osteopathic Hospital v. PLRB*, 22 Pa. Commonwealth Ct. 41, 347 A.2d 499 (1975); *Bucher v. AFSCME District Council 33*, 21 Pa. Commonwealth Ct. 602, 347 A.2d 497 (1975). We will therefore deny the Commonwealth's motion to quash.

In construing the wording of the release here, we find guidance in *McClelland Appeal*, 430 Pa. 284, 288, 242 A.2d 438, 439-40 (1968), where the Court stated:

> [T]he 'general and specific release of all claims, demands and actions for bodily injuries could not possibly be clearer or more specific, or more completely all-inclusive and all-embracing. . . . If such a release can be nullified or circumvented, then every written release and every written contract or agreement of any kind, no matter how clear and pertinent and all-inclusive, can be set aside whenever one of the parties has a change of mind . . .'.

More recently, our Court was faced in *Finsel v. Department of Transportation*, 22 Pa. Commonwealth Ct.

---

[1] *See* Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.502.

474, 349 A.2d 785 (1975), with the argument, similar to the Sustericks' contention here, that a release covered only that part of the land actually condemned. The appellants in *Finsel* argued that water was draining onto their land after construction of a highway improvement. In sustaining the Commonwealth's preliminary objections, Judge BLATT stated:

> Releases, of course, must be construed strictly 'so as to avoid the ever present possibility that the releasor may be overreached.' Restifo v. McDonald, 426 Pa. 5, 9, 230 A.2d 199, 201 (1967). . . . It seems to us, however, that a release from damages to the nondeeded land of the grantor abutting the deeded land was within the contemplation of the parties when the release was given. And although we may sympathize with the appellants' loss here, at the time they executed the release '[t]hey were confronted with the not unusual, difficult problem which confronts all who are contemplating accepting a settlement for the damages due to an eminent domain taking. *They had to visualize, difficult as it might be, all the damages to which they might be entitled by virtue of the taking.*' Seitz v. Commonwealth, 6 Pa. Commonwealth Ct. 425, 428, 296 A.2d 280, 282 (1972). The appellants here had the misfortune of not fully anticipating all of the losses which would result from water runoff and the extent to which they might suffer such losses by virtue of the highway improvement. (Emphasis added).

*Id.* at 477, 349 A.2d at 786.

We hold that *Finsel* is controlling here.[2] The lan-

---

[2] The Sustericks have suggested that the Commonwealth was negligent in constructing or maintaining the Saline Street Bridge, and this distinguishes *Finsel*. Since negligence is outside the scope of an eminent domain proceeding, this contention is without merit.

guage of the release in this case covers any damage done pursuant to the improvement of the road and is broad enough to cover the property in question here. From the language of the appraisal report, it is clear that water, ice, and debris could be expected from the position of the bridge. We are convinced that damage to the property with which we are now concerned was within the contemplation of the parties in 1953. Under the circumstances, it would not even have been that difficult for the Sustericks' predecessor in interest to visualize the damages alleged.

Since we have found no abuse of discretion or capricious disregard of evidence by the court below, we will affirm its order.

Motion to quash appeal denied and order affirmed.

ORDER

AND NOW, this 15th day of June, 1977, the Commonwealth's motion to quash is denied, and the order of the Court of Common Pleas of Allegheny County is hereby affirmed.

---

*See Stork v. City of Philadelphia,* 195 Pa. 101, 45 A. 678 (1900) ; E. Snitzer, Pa. Eminent Domain §201(1)-4 (1965).