Enon Valley Telephone Co., Appellant *v.* Raymond F. Market and Anna L. Market, his wife, Appellees.

Argued March 12, 1985, before Judges MacPhail and Barry and Senior Judge Barbieri, sitting as a panel of three.

*Dennis J. Gounley,* with him, *Emmett C. Boyle, Jr.,* for appellant.

*Gregory S. Fox,* with him, *Kenneth E. Fox, Jr.,* for appellees.

OPINION BY JUDGE MACPHAIL, June 6, 1985:

Enon Valley Telephone Company (Appellant) appeals from a decision of the Court of Common Pleas of Beaver County which held that Raymond F. and Anna L. Market (Appellees) were entitled to damages for abandoned underground telephone cable telephone poles and aerial telephone lines. We reverse.

The Appellees filed a petition for an appointment of a board of viewers (Board) pursuant to Section 502(e) of The Eminent Domain Code (Code), Act of June 22, 1963, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).[1] The petition alleged that Appellant had entered upon Appellees' property to install an underground telephone cable, later abandoned that cable and then installed a telephone line and telephone poles on their land along a road, but not within the road right-of-way.

The trial court granted the petition. Appellant filed preliminary objections to the petition contending that there was no condemnation but rather the use of an easement Appellant mistakenly thought it had acquired and that Appellees' cause of action was in trespass rather than eminent domain. The trial court overruled the objections.

---

[1] Section 502(e) of the Code authorizes landowners to file a petition for the appointment of viewers where a compensable injury has been suffered and no declaration of taking has been filed.

The Board found that the construction of the underground telephone line damaged Appellees' property by causing the relocation of a drainage stream. The Board also found that the property was damaged when Appellant entered without a right-of-way and without having filed a declaration of taking. The Board awarded damages, attorney fees and costs.

Appellant appealed, and on November 29, 1982, pursuant to a request by Appellant, the trial court ordered a hearing to be held for the limited purpose of determining whether the telephone poles were located on Appellees' property or whether Appellant had acquired an easement by prescription. After an evidentiary hearing, the trial court on March 28, 1983 held that Appellant, a corporation with the power of eminent domain, could not acquire property rights by adverse possession and that Appellant had committed a de facto taking of Appellees' property.[2] After Appellant's application for reconsideration was denied, Appellant filed a Notice of Appeal. On April 28, 1983, the trial court ordered Appellant to file a Statement of Matters Complained of, after which the trial court issued a supplementary opinion addressing the issues raised. The instant appeal followed.

Our scope of review in eminent domain cases is limited to a determination of whether the trial court committed an error of law or abused its discretion.

---

[2] The trial court found that there was an abandoned underground telephone cable on Appellees' land. The trial court also found that there was an overhead telephone line running from pole F-72, located in the right-of-way across Appellees' land to poles F-73 F-74 and F-75. Poles F-73 and F-74, as well as pole PP1591-48, are located on Appellees' land. Appellant did not dispute that there was an abandoned underground telephone cable, but did take issue with the finding that poles F-73 and F-74 and PP1591-48 were not in the right-of-way. Appellant also stated that it did not own PP1591-48.

*Captline v. County of Allegheny,* 74 Pa. Commonwealth Ct. 85, 459 A.2d 1298 (1983), *cert. denied,* U.S. , 104 S.Ct. 1679 (1984).

The principal issue raised in this appeal is whether there has been a de facto condemnation. Appellant contends in this appeal, as it did in the trial court, that its actions amounted to only a trespass.

A de facto condemnation occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property. *McCracken v. City of Philadelphia,* 69 Pa. Commonwealth Ct. 492, 451 A.2d 1046 (1982). A prerequisite to the appointment of viewers is that the landowner must establish that the deprivation was the direct and necessary consequence of the entity's action. *Greger v. Canton Township,* 41 Pa. Commonwealth Ct. 20, 399 A.2d 138 (1979). It is well established that acts not done in the exercise of the right of eminent domain and which are not the immediate, necessary or unavoidable consequence of exercising that right cannot be the bases of an action in eminent domain. *Lutzko v. Mikris, Inc.,* 48 Pa. Commonwealth Ct. 75, 410 A.2d 370 (1979).

Our focus is upon the nature of the complained of acts. *Condemnation of the Land and Property of Jacobs,* 55 Pa. Commonwealth Ct. 142, 423 A.2d 442 (1980), *appeal dismissed,* 499 Pa. 337, 453 A.2d 336 (1982). Appellees contend that Appellant entered upon their land, installed an underground telephone cable, abandoned that cable and then installed another telephone line on their land along a road. Appellant contends that it entered this land with the belief that it had received a right-of-way. The record reveals that the field engineer received a right-of-way to make these installations from a person he thought owned the property, but who in fact did not. (N.T.

at 45-46). Appellant abandoned the underground cable when it discovered its mistake. (N.T. at 50). Obviously, this injury was not a necessary and unavoidable result of the power of eminent domain but was the result of Appellant's negligence.

Where, as here, a landowner has suffered specific damages to his or her property as a consequence of the alleged negligent actions of the condemning body, the proper action lies in trespass. *Cf. Steckley v. Department of Transportation*, 46 Pa. Commonwealth Ct. 367, 370, 407 A.2d 79, 80 (1979), *aff'd mem.*, 494 Pa. 104, 429 A.2d 1112 (1981) (complaint in trespass is proper where injuries result from negligent actions of Commonwealth). "No recovery may be obtained through eminent domain proceedings where the injuries resulted from a trespass and no *de facto* taking may result from negligent acts committed by the agents of the condemning body." *Lutzko*, 48 Pa. Commonwealth Ct. at 79, 410 A.2d at 372. *Cf. Culver v. Commonwealth*, 346 Pa. 262, 29 A.2d 531 (1943) (removal of land by Commonwealth not within acquired right-of-way is a trespass and not a taking).

We therefore conclude that no condemnation occurred in the instant case.[3] Accordingly, the order of the trial court is reversed.

### Order

The order of the Court of Common Pleas of Beaver County, No. 1339, dated March 28, 1983, is reversed.

---

[3] The fact that Appellant placed telephone poles and lines on Appellees' property after discovering its mistake does not change the result. Appellant possessed the power to condemn but did not do so. Appropriating property without first paying or securing compensation is a trespass. *Cochran Coal Co. v. Municipal Management Co.*, 380 Pa. 397, 110 A.2d 345 (1955) ; E. Snitzer, Pennsylvania Eminent Domain, §201(1)-5 (1965).

CONCURRING OPINION BY JUDGE BARRY:

I concur in the opinion in this case. I wish to note, however, that the opinion of Judge MACPHAIL does not discuss, nor did the parties brief, the issue of whether a public utility can de facto condemn property. As far as I know this issue has not been decided by our appellate courts. No inference should be drawn from this decision that it has.