386.

The Borough of Dickson City, Pennsylvania, Appellant *v.* Joseph Malley, Administrator of the Estate of Chrestina Malley, his wife, deceased, Appellee.

Argued June 7, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*John P. Pesota,* for appellant.

*Myles R. Wren, Nogi, O'Malley, Harris & Schneider,* for appellee.

Opinion by Judge Palladino, January 28, 1986:

The Borough of Dickson City (Borough) appeals from a decision of the Court of Common Pleas of Lackawanna County (trial court) which dismissed the Borough's preliminary objections to a Petition for Appointment of a Board of View (Petition) filed by Appellee, Joseph Malley.

Appellee's property is located at the corner of Pancost Street and Throop Street in the Borough. Appellee's house fronts on Pancost Street and the driveway runs to Pancost Street. The west side of the property abuts the 1300 block of Throop Street. Until 1980, the 1300 block of Throop Street was a dirt roadway, which had been formed to provide access to newly constructed homes. In 1980 the Borough paved Throop Street, causing a change in grade from Appellee's property to the road of at least five feet. The paved road does not encroach upon Appellee's property.

Appellee's Petition alleged that the Borough effected a de facto taking of his property. The taking allegedly involves the removal of Appellee's access to Throop Street because of the change in grade, and the undermining of the sand beneath Appellee's pool caused by heavy water runoff during rainstorms. The water runoff also allegedly deposited on Appellee's property stones and gravel left over from the construction of the road. For these reasons, Appellee claims a diminution in the value of the property, and seeks compensation for these damages.

The Borough filed preliminary objections to Appellee's Petition, asserting: 1) that Appellee has suffered no deprivation of access because his property is accessible from Pancost Street; and 2) that the runoff and gravel deposit damages asserted by Appellee are not properly the subject of an action in eminent domain; rather they are recoverable, if at all, in an action in trespass.

The trial court, in order to establish whether a de facto taking had occurred, received the depositions of Robert D. Bernosky, the Borough Engineer, and of Appellee. After making findings of fact, the trial court concluded that a de facto taking had occurred, due to the substantial impairment of Appellee's access to Throop Street and due to the water runoff, and therefore dismissed the Borough's preliminary objections. The Borough has appealed.

Our scope of review is to determine whether the trial court committed an error of law or abused its discretion in dismissing the preliminary objections. *Enon Valley Telephone Co. v. Market,* 90 Pa. Commonwealth Ct. 53, 493 A.2d 800 (1985).

A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an owner of the use and enjoyment of his property. The landowner must establish that the deprivation was the direct and necessary consequence of the entity's action. *Id.* at 56, 493 A.2d at 802.

An abutting landowner may recover consequential damages in certain situations pursuant to Section 612 of the Eminent Domain Code, Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended,* 26 P.S. §1-612, which states:

All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or

highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken.

If a landowner has suffered specific damages to the property as a consequence of alleged *negligent* actions of the condemning body, the proper action lies in trespass. *Enon Valley.*

The Borough first argues that Appellee is not deprived of reasonable access to Throop Street because all he need do is use his driveway to access Pancost Street and turn the corner onto Throop Street. The Borough asserts that the fact that Appellee can no longer drive onto and off of his side yard from Throop does not deprive Appellee of reasonable access. We agree. This Court has held that an abutting owner is only entitled to access by reasonable and conventional means to his property from the highway and from his property to the highway. *Brill v. Department of Transportation,* 22 Pa. Commonwealth Ct. 202, 348 A.2d 451 (1975). Although Appellee no longer is able to drive on or off Throop Street, he has full access from Pancost, which is utilized by his driveway. Thus, no taking resulted from the change in grade insofar as Appellee cannot now directly access Throop Street. Although Appellee has not specifically asserted any other damages resulting from the change in grade, to the extent he can prove other damages resulting from the change in grade, he may do so before the Board of View.

The Borough's second argument is that damages from the heavy water runoff allegedly caused by the paving of Throop Street are only recoverable in a trespass action. We disagree. Under Section 612 of the Code, an *abutting* landowner may recover for injury to surface support, whether or not any property was taken. Because the trial court found that the water runoff caused the sand underneath Appellee's

pool to wash away, we hold that under Section 612 the trial court properly concluded that a de facto taking had occurred.

We must conclude that the trial court erred as a matter of law in holding that the Borough effected a taking by denying Appellee access to Throop Street. However, because we also hold that the trial court correctly concluded that the water runoff from the paved road did create a de facto taking, we affirm the trial court's decision appointing a Board of View for the limited purpose of establishing damages from the runoff.

## ORDER

AND Now, January 28, 1986, the decision of the Court of Common Pleas of Lackawanna County at No. 82 Equity 77, dated September 10, 1984, appointing a Board of View, is affirmed, for the limited purpose of establishing damages from water runoff.