ERB, J.,
This matter is before the court on a motion for summary judgment and preliminaiy objections from two related proceedings. The first matter involves defendant Warrington Township’s motion for summary judgment.
The relevant pleaded facts are as follows. Plaintiffs, Catherine A. Mowery, formerly Catherine A. Siemers, and F. Joseph Siemers, filed an action in trespass docketed to no. 88-SU-1848-01 for the damage caused to plaintiffs’ land when defendant commenced road work proximate to plaintiffs’ property in February 1988. As a result of defendant’s use of explosives and heavy machinery on plaintiffs’ land without their consent, plaintiffs contend that there was physical damage to the property, including the destruction of trees and shrubbery. Defendant township had no ordinance, resolution, plan or *127 survey prior to initiating work on Conley Road. Moreover, defendant had neither commenced nor announced its intention to file condemnation proceedings. In his deposition, James Wueschinski, Road Master of Warrington Township, stated that the work was performed to change the course of the road and that he was unaware that said work was performed on plaintiffs’ property. After plaintiffs complained to the township, further damage ceased; however, defendant neither restored nor repaired the property. Plaintiffs initiated this action on May 4, 1988. Defendant subsequently filed a declaration of taking on July 11, 1989.
Defendant has filed a motion for summary judgment, arguing that plaintiffs’ solé remedy is dictated by the Act of June 22, 1964, Sp.Sess., P.L. 84, Art. 1, §101, the Eminent Domain Code, 26 P.S. §1-101 et seq. Defendant further avers that the complaint fails to state a sufficient cause of action in negligence to sustain the trespass action.
For the reasons set forth in this opinion, we will deny defendant’s motion for summary judgment. Summary judgment is only granted upon a showing that there is no genuine issue of material fact. Pa.R.C.P. 1035(b). The court will view the evidence in the light most favorable to the non-moving party. Johnson v. Baker, 346 Pa. Super. 183, 499 A.2d 372 (1985). The foremost contention of defendant is that this action is most properly brought pursuant to the Eminent Domain Code. We disagree.
Prior to defendant’s entry onto plaintiffs’ land, there was no declaration of taking filed. However, the court is aware that 26 P.S. §l-502(e) permits the condemnee to file a petition for appointment of viewers for the assessment of compensable injury to the property. In the instant case, the Road Master mistakenly believed he wás not on plaintiffs’ prop *128 erty. He believed that he had approval to work on the property from persons he believed owned it. He neither checked with plaintiffs, made a survey nor verified his information. A property owner may bring a trespass action for damages to their property which occurred before filing condemnation proceedings. 23 Standard Pennsylvania Practice 2d §124.99; Patterson v. Municipal Authority of Westmoreland County, 65 D.&C. 2d 784 (1974).
We also find Enon Valley Telephone Co. v. Market et ux., 90 Pa. Commw. 53, 493 A.2d 800 (1985), persuasive. There, the landowners alleged that Enon Valley Telephone Company went on the Markets’ property to install telephone cable, abandoned this and later installed a telephone line and poles on their land. The Markets filed a petition for an appointment of a board of viewers to assess damages. The trial court granted the petition and the board awarded damages. The trial court also concluded at a hearing that Enon had committed a de facto taking of the property. The Commonwealth Court, on appeal, considered whether there had in fact been a de facto taking. The court stated that a de facto taking results when an entity having the power of eminent domain substantially deprives the landowner of that property’s use and enjoyment. Id. at 56, 493 A.2d at 802. The landowner must show that such deprivation was the direct and necessary consequence of the entity’s action. Id. The court analyzed the record and determined that the field engineer received a right-of-way to install the equipment from persons he mistakenly believed owned the property. When Enon realized that these persons did not own the property, it abandoned the underground cable. The court found that such action by Enon was not a necessary and unavoidable result of the power of eminent domain but was the result of *129 Enon’s negligence. The court determined that when the “landowner has suffered specific damages to his or her property as a consequence of the alleged negligent actions of the condemning body, the proper action lies in trespass.” Enon, 90 Pa. Commw. at 57, 493 A.2d at 802.
The court in the Enon case further elaborated that “ 'No recovery may be obtained through eminent domain proceedings where the injuries resulted from a trespass and no de facto taking may result from negligent acts committed by the agents of the condemning body.’ ” Enon, 90 Pa. Commw. at 57, 493 A.2d at 802, quoting Lutzko v. Mikris Inc., 48 Pa. Commw. 75, 79, 410 A.2d 370, 372 (1979).
This court has carefully read the briefs submitted by counsel and reviewed the case law. We believe that the Enon case is most persuasive. In the instant case, defendant was negligent since its agents mistakenly believed that they were not on plaintiffs’ land. Furthermore, the road work has been abandoned, presumably until the court resolves defendant’s declaration of taking. There is no indication that the township’s acts were the immediate, necessary or unavoidable consequence of its eminent domain rights. Under these circumstances, we conclude that the plaintiffs’ action lies in trespass since defendant’s negligence could not result in a de facto taking. We further conclude that plaintiffs’ allegations support the trespass action for damages prior to the taking by condemnation. Thus, summary judgment would not be appropriate.
The other matter before this court is the preliminary objections of the condemnees, Catherine A. Moweiy and F. Joseph Siemers, to the condem-nor’s, Warrington Township, declaration of taking, docketed to no. 89-SU-3136-05. The township filed this action to acquire condemnees’ land to improve *130 Conley Road. Condemnees argue several points. Condemnees first contend that the township did not have the authority to take their property without a finding that Conley Road is dangerous. Condemnees further argue that the township has not established the legal right-of-way of Conley Road and the precise boundaries of the land taken. Condemnees assert that the survey, attached to the declaration of land, does not encompass the entire amount of land previously trespassed on by the township. Finally, the condemnees contend that the township failed to comply with statutory requirements for notice and hearing prior to filing the declaration of taking and failed to enact an ordinance pursuant to the Second Class Township Code, sections 66101 and 66102. In their brief, condemnees, for the first time, raise the issue of bad faith on the part of condemnors.
The exclusive remedy for challenging a declaration of taking is preliminary objections pursuant to 26 P.S. §1-406. Preliminary objections must specifically state the grounds relied on and are limited to challenging the following:
“(1) The power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated:
“(2) The sufficiency of the security;
“(3) Any other procedure followed by the con-demnor; or
“(4) The declaration of taking.”
For the reasons stated below, we will dismiss condemnees’ preliminary objections.
The first issue is whether the township had to make a finding that Conley Road is dangerous. We think not. Section l-402(b)* lists those matters to be *131 contained in the declaration of taking. Condemnors need only briefly describe the purpose of the condemnation. Swartz v. Pittsburgh Public Parking Auth., 63 Pa. Commw. 434, 439 A.2d 1254 (1981); Condemnation of Route 93, 45 D.&C. 3d 523 (1986). Condemnee’s second argument concerns the township’s failure to establish the legal right-of-way. We agree with condemnor that it need only describe the property in the declaration of taking for purposes of identification. Condemnor has done so. In addition, we conclude that condemnor’s exhibits A and B sufficiently show the precise boundaries of the land *132 being condemned and condemnees’ objection is, therefore, without merit.
Condemnees contend that the amount of property trespassed upon is greater than that described in the survey. We believe that this matter will be addressed by appropriate damages in the trespass action.
Condemnees contention that the township failed to comply with notice and hearing requirements prior to the declaration of taking is without merit. We can find no requirement in the Eminent Domain Code mandating such notice and hearing requirements prior to filing the condemnation action. Vecchione v. Twp. of Cheltenham, 13 Pa. Commw. 260, 320 A.2d 853 (1974).
Last, condemnees argue that the township should have enacted an ordinance to condemn the property pursuant to 53 P.S. §66101 of the Second Class Township Code. We disagree. Neither the Eminent Domain Code nor the Second Class Township Code requires an ordinance be passed to authorize a declaration of taking. In re Condemnation by Springettsbury Twp., 50 D.&C. 3d 557 (1988). The township’s adoption of a resolution may properly authorize the declaration of taking. Id. The resolution put forth by condemnor was sufficient despite condemnees’ arguments to the contrary. A resolution is defined by Black’s Law Dictionary, 5th edition, as “a formal expression of the opinion or will of an official body or a public assembly, adopted by vote . . . This term is usually employed to denote the adoption of a motion, the subject-matter of which would not properly constitute a statute, such as a mere expression of opinion. . .” We find that the township’s adoption of the motion authorizing the solicitor to file the declaration of taking is a resolution and was sufficient to authorize this con *133 demnation action. In re Condemnation by Springettsbury Twp., supra; Jordan Appeal, 73 Pa. Commw. 572, 459 A.2d 435 (1983).
Condemnees last assert in their brief that the condemnation was in bad faith. Condemnees, however, did not assert this in their preliminary objections and it is therefore waived. Section l-406(b) and (c) provide that the condemnees must specifically state the grounds relied on in their preliminary objections and such preliminary objections shall be raised at one time and in one pleading. Even should such preliminary objections be valid, we would be unable to find evidence of condemnor’s bad faith. Accordingly we will dismiss condemnees’ preliminary objections.
Accordingly, we enter the following
ORDER
And now, October 19, 1990, the motion for summary judgment of defendant Warrington Township in Civil Action, Docket no. 88-SU-1848-01, is hereby refused and denied. Condemnees’, Catherine A. Mowery and F. Joseph Siemers, preliminary objections to the declaration of taking in Civil Action, Docket no. 89-SU-03136-05, are hereby dismissed.

 “§1-402. Condemnation; passage of title; declaration of taking
*131 “(b) The declaration of taking shall be in writing and executed by the condemnor, shall be captioned as a proceeding in rem, and shall contain the following:
“(1) The name and address of the condemnor.
“(2) A specific reference to the statute, article and section thereof under which the condemnation is authorized.
“(3) A specific reference to the action, whether by ordinance, resolution or otherwise, by which the declaration of taking was authorized, including the date when such action was taken, and the place where the record thereof may be examined.
“(4) A brief description of the purpose of the condemnation.
“(5) A description of the property condemned sufficient for the identification thereof, specifying the city, borough, township or town and the county or counties wherein the property taken is located, a reference to the place of recording in the office of the recorder of deeds of plans showing the property condemned or a statement that plans showing the property condemned are on the same day being lodged for record or filed in the office of the recorder of deeds in such county in accordance with section 404 of this act.
“(6) A statement of the nature of the title acquired, if any.
“(7) A statement specifying where a plan showing the condemned property may be inspected in the county in which the property taken is located.
“(8) A statement of how just compensation has been made or secured.”