**Charles and Marlene CAMPBELL, Appellants,**

v.

**LOWER PROVIDENCE TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1997.
Decided Dec. 8, 1997.

Leigh P. Narducci, Blue Bell, for appellants.

Richard C. Sheehan, Audubon, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

SMITH, Judge.

Charles and Marlene Campbell (the Campbells) appeal from an order of the Court of Common Pleas of Montgomery County (trial court) that dismissed their three-count complaint against Lower Providence Township (Township) relating to the grant of an easement to the Township for construction of a street.[1] The question presented is whether the trial court erred in dismissing the Campbells' complaint, where it determined that they had not proved fraud in the inducement to make the agreement that led to the easement. The Campbells had alleged also that the street as constructed violated the terms of the agreement, resulting in injury to the rest of their property.

I

The trial court found that the Campbells' residence is at the corner of Marilyn Avenue, a public road, and Oaklyn Avenue, a portion of which was, until 1990, a "paper street" shown on a subdivision plan, which had not been dedicated to the Township. The Township's Council passed a resolution to extend Oaklyn through to Marilyn and to acquire some 4,700 square feet of the Campbells' property for that purpose. The Township Manager visited the Campbells at their home on May 25, 1989 to explain the Township's plans. The Campbells signed an agreement on that date under which they promised to grant an easement for the construction, opening and maintenance of a public road and the locating of public utilities in the conveyed right-of-way.

The Township agreed to build the road to current Township specifications, not to impose a benefit assessment and to install a paved driveway from Marilyn Avenue as shown on an attachment to the agreement. The Campbells further agreed that the consideration provided would be the complete satisfaction of any claim they might have for damages from the opening of the street extension and that they would not seek the appointment of viewers. The Campbells la-

1. Following argument of this case before a panel on February 6, 1997, Senior Judge Narick issued a decision on March 20, 1997 reversing and remanding to the trial court. Reargument before the Court en banc was granted, and the first opinion was withdrawn by order of May 15, 1997. The case was reargued and reassigned to this author on September 10, 1997.

ter requested that the driveway be provided from Oaklyn Avenue, and the Township agreed.

The Campbells executed the grant of the easement in April 1990, and construction began in early summer and was completed by September. Although the Campbells knew that the new road would be above the level of their property, when it was completed it was substantially higher than they had anticipated. They did not allow the Township to make extensive changes in elevation and contour necessary to accommodate a driveway from Oaklyn.

The Campbells filed an action in April 1991, which alleged that the Township represented that the new road would be no higher than 12 to 18 inches above their property at the driveway with a maximum elevation of 36 inches at the carport/garage and that the Township would take all precautions to construct it properly. As constructed, the extension had a maximum elevation of four and one-half feet, and no driveway to it could be built without major regrading and other alterations to the Campbells' rear yard. Further, a vertical wall of dirt without any retaining device had been created, resulting in a wash of mud and debris and possible future collapse of the curb and roadbed on to their property.

Count I in Equity sought to have the easement set aside on the grounds of fraud and coercion in securing the Campbells' signatures. Count II in Trespass sought damages for intentional or negligent improper construction of the road due to failure to condemn sufficient land, failure to build in accordance with regulations and good engineering practice and failure to account for the right of access. Count III in Eminent Domain alleged an illegal de facto taking of property without just compensation and requested an award of damages or, in the alternative, the appointment of viewers.

The trial court concluded that the case rose or fell on the issue of fraud and that, if the Campbells failed to meet the exacting standard for establishing fraud, they would be without a remedy because of the terms of the May 1989 agreement. Based on testimony of the Campbells, the trial court determined that they had not proved by clear and convincing evidence that the Township Manager deliberately or recklessly misled them when he got them to sign the agreement. The court noted that lack of access from Oaklyn Avenue would not have affected their willingness to agree because at that time the new driveway was proposed to be built from Marilyn Avenue.

The court dismissed the Campbells' complaint in its entirety. It stated that the Campbells would have had a right to recover for consequential damages pursuant to Section 612 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–612, but that the May 1989 agreement foreclosed any such claim. Section 612 provides: "All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken." In *Capece v. City of Philadelphia,* 123 Pa.Cmwlth. 86, 552 A.2d 1147 (1989), the Court reiterated that a claim for damages based on the causes specifically enumerated in Section 612 is distinct from a general claim for a de facto taking of property.

Further, because access from Marilyn Avenue had not been disturbed, there was no taking of access under *Borough of Dickson City v. Malley,* 94 Pa.Cmwlth. 386, 503 A.2d 1035 (1986). There this Court held that the elevating and paving of a dirt road, eliminating an owner's access from it, did not constitute a taking because the owner still had reasonable access to an intersecting street. The Court remanded for appointment of viewers to establish damages under Section 612 for the heavy runoff during rainstorms as a result of the road improvement.

II

The Campbells assert that the trial court erred in concluding that its determination regarding fraud disposed of their claim

in eminent domain.[2] They contend that, if no claim of fraud had been made, they would still have had a claim under Section 612 of the Eminent Domain Code, if it was determined after the road was completed that the manner in which it was built created adverse conditions upon their remaining property. They have alleged construction of a road without a proper slope or retaining device, which reduces their use and enjoyment of their property and its market value and results in erosion and the danger of collapse of the roadway and the destruction of their fence, carport, bushes and other areas.

The Campbells note that in *Borough of Dickson City* this Court, although deciding that there was not a taking based on cutting off access, determined that a claim for damages existed under Section 612 and remanded for the appointment of viewers. On reargument, they add that the effect of the trial court's ruling as to lack of proof or fraud was simply to require consideration of their request for an appointment of viewers in light of the existing easement, rather than with the easement declared void as they had requested.

In response the Township contends that the crucial document here is the May 1989 agreement, not the deed of easement that was signed later pursuant to the agreement. In the agreement the Campbells bargained for consideration. They agreed that receipt of that consideration was a full and complete satisfaction of any claim for damages they might have and that they would not seek an appointment of viewers. The Township asserts that the Campbells are seeking to ignore their obligations but to keep the benefits of the bargain. It distinguishes *Borough of Dickson City* because in that case there was no agreement to forego damages.

The Township argues that the trial court's decision is supported by *Finsel v. Commonwealth, Department of Highways*, 22 Pa. Cmwlth. 474, 349 A.2d 785 (1975), and *Seitz v. Commonwealth, Department of Transpor-*

*tation*, 6 Pa.Cmwlth. 425, 296 A.2d 280 (1972), among others. In *Finsel* grantors negotiated a release agreement for the sale of a strip of their land to the Department of Transportation (DOT) for the purpose of upgrading a highway. After construction the adjacent land suffered flooding from runoff, and the grantors sought damages, asserting that the release applied only to the land that was conveyed. The Court noted that the specific language of the agreement expressly and generally released any suits, damages, claims and demands that the grantors might otherwise be entitled to assert at law or in equity and which applied to injury to "all lands" of the grantors. The Court concluded that the agreement was intended to encompass injury to land other than that sold.

Although the Court expressed sympathy for the grantors' loss, it stated, citing *Seitz*, that in settling for damages due to an eminent domain taking, they had placed themselves in the difficult but not unusual position of having to visualize all damages to which they might be entitled by virtue of the taking. Here, the Township asserts, the Campbells also were required to visualize all damages. Although they challenged the May 1989 agreement on the grounds of fraud, they lost and the agreement stands. Therefore, the trial court correctly held that they are bound by the agreement's provision that they may not seek the appointment of viewers, and it properly dismissed the complaint.

### III

This Court agrees that the absence of an agreement in *Borough of Dickson City* renders that case inapplicable here. The cases relied upon by the Township, however, actually support the Campbells' position. In *Seitz* the grantors sought additional damages when it was discovered after the reconstruction of a curve adjacent to their house that the speed of traffic increased and cars sometimes careened onto their property. Before analyzing the language of the release in-

---

**2.** The scope of this Court's review of the decision of a trial court in an eminent domain case is limited to determining whether the trial court abused its discretion or committed an error of law and whether the findings and conclusions are supported by substantial evidence in the record. *Glen Lincoln, Inc. v. Commonwealth, Department of Transportation*, 658 A.2d 881 (Pa. Cmwlth.1995).

volved, the Court emphasized that there was no allegation or evidence that the road was not constructed in accordance with the approved plans.

In *Finsel* the grantors advanced a separate contention that the taking went beyond the scope of the deed of easement and that the release therefore would not apply to additional damages suffered as a result of construction beyond the terms of the deed. The Court noted that the trial court, before ruling on DOT's preliminary objections, afforded the grantors the opportunity to show by way of depositions that the damages suffered were not covered by the release in the deed. At that stage, the trial court determined that DOT did not exceed the scope of its rights under the easement. This Court reviewed the deposition testimony and concluded that the trial court did not abuse its discretion on that point.

In both cases, the existence of the release was not deemed to be a per se bar to recovery. This Court acknowledged that if a condemnor or grantee fails to build in compliance with the terms of an agreement for a release, then the release is not a bar to additional damages. In the present case, the trial court's dismissal of the Campbells' complaint based solely on their failure to prove fraud was in error. The dismissal must be reversed because it precluded a determination of whether the Township constructed the extension to Oaklyn Avenue in a manner contrary to the agreement, regardless of whether the Campbells were able to meet the strict standard of proving fraud in the inducement.

The Township's assertion on reargument that the trial court rejected the Campbells' claims because the road as built is not outside what they should have expected is not accurate. The court expressly evaluated testimony on these matters only in terms of fraud. Because the trial court dismissed the entire complaint for failure to prove fraud, it never reached the question of whether the Township complied with the agreement.

As the trial court noted, the Township's raising of the agreement as a defense was in the nature of a preliminary objection to the petition for appointment of viewers.[3] This Court has held repeatedly that the court of common pleas must resolve factual questions raised by an objection and decide the threshold legal issue of whether there has been a de facto taking or compensable injury. *Millcreek Township v. N.E.A. Cross Co.*, 152 Pa.Cmwlth. 576, 620 A.2d 558 (1993), *appeal denied*, 537 Pa. 655, 644 A.2d 739 (1994). This case must be returned to the trial court for such a determination. The order of the trial court is reversed, and this case is remanded for further proceedings.

DOYLE, J., dissents.

### ORDER

AND NOW, this 8th day of December, 1997, the order of the Court of Common Pleas of Montgomery County is reversed, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

COLINS, President Judge, concurring.

I concur with the majority opinion insofar as it reverses and remands the matter to common pleas court; however, I believe the remand order should have directed the trial court to appoint a board of view to assess consequential damages under Section 612 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–612.

McGINLEY, J., joins in this concurring opinion.

---

3. The Township also asserts that the Campbells' claim of a right to damages for a de facto taking arises under the Eminent Domain Code and must be pursued according to its exclusive procedures, namely, the filing of a petition for the appointment of viewers. The Court sees no error in the trial court's treating Count III as such a petition, especially where that count was joined with others stating claims arising out of the same transaction or occurrence. *See* Pa. R.C.P. No. 1020(d).