Donald E. Snow et al., Plaintiffs *v.* Larry L. Pastories et al., Defendants.

Argued March 22, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*Debbie O'Dell,* with her *Seneca & O'Dell,* for plaintiffs.

*Timothy I. Mark,* Assistant Attorney General, with him *John L. Heaton,* Assistant Attorney General, for defendants, State Police, Commissioner, and Peter Sylves.

*Roger J. Ecker,* with him *Peacock, Keller, Yohe, Day & Ecker,* for defendant, Larry L. Pastorics.

*John N. Scales,* with him *Scales and Shaw,* for defendant, Matthew Cindric.

OPINION BY JUDGE WILKINSON, JR., September 17, 1979:

This is an action sounding in trespass brought in our original jurisdiction against the Pennsylvania State Police, the Commissioner of the Pennsylvania State Police, and three named state police officers. Preliminary objections have been filed on behalf of all defendants.

The preliminary objections filed with regard to the Pennsylvania State Police are sustained for the reasons set forth in our opinion filed in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). There has been no assertion, nor could there be, that this cause of action falls within any of the eight exceptions to the sovereign immunity defense provided by the Judicial Code, 42 Pa. C.S. §5110.

The preliminary objections filed with regard to the Commissioner of the Pennsylvania State Police are sustained for two reasons, either of which would be sufficient. First, other than in the caption and in paragraph 5 wherein the office is identified, no mention is made of the Comissioner of the Pennsylvania State Police. No reference is made to identify the particular individual who occupied the office at the time of the offense. No allegations appear in the complaint as to what acts were committed by the Commissioner of the Pennsylvania State Police. Clearly under the decision in *DuBree v. Commonwealth,* 481 Pa. 540, 545, 393 A.2d 293, 295 (1978) the Commissioner of the Pennsylvania State Police is not subject to suit in such circumstances.

Consistent with the interest in unimpaired decision making, we believe it appropriate to protect from the possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility.

The plaintiffs expressly concede in their brief that if Section 5110 of the Judicial Code is applicable, which we hold that it is, then the case must be transferred to the Court of Common Pleas of Washington County, Pennsylvania.

Accordingly, we will enter the following

ORDER

AND Now, September 17, 1979, the preliminary objections of the Pennsylvania State Police and the Commissioner of the Pennsylvania State Police are sustained and the complaint against them is dismissed.

With respect to the complaint against the other defendants, individual state police officers, the record is transferred to the Court of Common Pleas of Washington County for the disposition of their preliminary objections to the complaint and such further proceedings, if any, as are then indicated.

CONCURRING OPINION BY JUDGE DISALLE:

Since this case was not filed until after the passage of Act 152, I concur in the result.

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I dissent from the majority where it sustains the preliminary objections of the Pennsylvania State Police for those reasons in my Concurring and Dissenting Opinion filed in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). I concur in all other respects.