Alice A. Ostoich et al., Plaintiffs *v.* James B. Wilson, Secretary, Pennsylvania Department of Transportation, Defendant.

Argued March 21, 1979, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, DiSalle, Craig and MacPhail. Judge Blatt did not participate.

No appearance for plaintiffs.

*James J. Kutz*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Edward G. Biester*, Attorney General, for defendant.

Opinion by President Judge Bowman, October 18, 1979:

We are here concerned with defendant's preliminary objections to a complaint in equity originally filed in 1978 in the Court of Common Pleas of Allegheny County by Alice and Thomas Ostoich against James B. Wilson, then Secretary of the Pennsylvania Department of Transportation (PennDOT). The case was then transferred to this Court upon petition of plaintiffs pursuant to 42 Pa. C.S. §761 and Pa. R.C.P. No. 213(f).

Plaintiffs, alleging that certain highway improvements performed by PennDOT between 1965 and 1968 thereafter have resulted in the periodic and reported flooding of and damage to portions of their property, seek both a mandatory injunction directing defendant to prevent further flooding and an award of money damages for the alleged past damage to their property.

Defendant's preliminary objections raise: (1) a challenge to our jurisdiction in equity as to the injunctive relief sought on the theory that, to the extent that this action sounds in de facto condemnation, the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-101 *et seq.*, provides the exclusive remedy for the injuries plaintiffs allege; (2) sovereign and official immunity as to plaintiffs' action for money damages (which, though not stated clearly in the complaint, sounds in trespass); and (3) failure to state a cause of action as to the named defendant. We will address these preliminary objections seriatim.[1]

To the extent that plaintiffs seek injunctive relief, we have held that a court of equity is without jurisdiction because the exclusive remedy lies in the Eminent Domain Code, 26 P.S. §1-101 *et seq. Lerro v. Department of Transportation*, 32 Pa. Commonwealth Ct. 372, 379 A.2d 652 (1977); *Vance v. Kassab*, 15 Pa. Commonwealth Ct. 328, 325 A.2d 924 (1974).

To the extent that it might possibly be argued that plaintiffs' complaint sounds in trespass for money damages against an officer of the Commonwealth, the recent decisions in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978), *Snow v. Pastories,* 46 Pa. Commonwealth Ct. 43, 405 A.2d 1114 (1979), and *Es-*

---

[1] Plaintiffs filed no brief in opposition to defendant's preliminary objections and defendant's supporting brief.

*tate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979), are dispositive of this issue and require us to sustain defendant's preliminary objection asserting official immunity.

The Secretary of Transportation, as the head of an executive department of our Commonwealth, is clearly a high public official and for the purpose of our jurisdiction an officer of the Commonwealth. Section 761 of the Judicial Code, 42 Pa. C.S. §761; *Opie v. Glascow, Inc.,* 30 Pa. Commonwealth Ct. 555, 375 A. 2d 396 (1977).

> Consistent with the interest in unimpaired decisionmaking, we believe it appropriate to protect from the possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility.

*DuBree, supra* at 545, 393 A. 2d at 295.

A review of plaintiffs' complaint, other than identifying the defendant as the (then) Secretary of Transportation, makes not a single factual averment directed to him or as to any role he played with respect to the alleged flooding of plaintiffs' property, or any duty that the Secretary qua Secretary owed to plaintiffs which was allegedly breached. Furthermore, it would appear that our Supreme Court in *DuBree, supra,* has preserved official immunity in those cases, where the party seeking relief against a public official has failed to pursue existing available remedies. In this case, as noted above, such a remedy exists under the Eminent Domain Code.

Accordingly, we shall sustain defendant's preliminary objections and dismiss plaintiffs' complaint.

528

ORDER

Now, October 18, 1979, defendant's preliminary objections are sustained and plaintiffs' complaint is dismissed.