552 A.2d 1147

Severino Capece and Mary Capece, Appellants *v.* City of Philadelphia, Appellee.

Argued June 15, 1988, before Judge SMITH, and Senior Judges KALISH and NARICK, sitting as a panel of three.

*Kevin Weinstein, Master, Donsky, Soffian & Allen,* for appellants.

*Laureto A. Farinas,* Assistant City Solicitor, for appellee.

OPINION BY SENIOR JUDGE NARICK, January 24, 1989:

Severino Capece and Mary Capece (Capeces) appeal from a decision of the Court of Common Pleas of Philadelphia County granting the Amended Preliminary Objections of the City of Philadelphia (City) and dismissing the Capeces' Petition for Appointment of a Board of View pursuant to the Pennsylvania Eminent Domain Code (Code).[1]

---

[1] Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §1-101—§1-903.

The Capeces filed a Petition for Appointment of a Board of View alleging that the City had effected a de facto condemnation of their property.[2] The Capeces allege that during the summer of 1985 the City commenced work on a water main, sewer replacement and road widening project on a roadway adjoining their property, and that in the course of the project the roadway was raised, thus depreciating the market value of the Capece property. The trial court granted the petition and appointed a Board of View. The City filed preliminary objections, to which the Capeces filed a response. The City then filed amended preliminary objections, and the Capeces filed a response. The trial court entered an order directing the taking of depositions. The City requested that the order be vacated and that the matter proceed to oral argument. A hearing occurred off the record at sidebar. Although some photographs were presented to the trial court, both parties concede that an evidentiary proceeding did not take place. Counsel for both parties submitted supplemental memoranda. The trial court granted the City's amended preliminary objections and dismissed the Capeces' petition, holding that

> the averment of the devaluation of the market value of the subject as a result of raising Summit Avenue vis a vis Plaintiff's property by six inches[3] taken as true does not constitute 'exceptional circumstances' which have substantially deprived the property owner(s) of the beneficial use and enjoyment of the property.

---

[2] Although the petition does not indicate the sections of the Code upon which it relies, the petition purports to allege a cause of action under Sections 502(e) and 612 of the Code, 26 P.S. §§1-502(e) and 1-612.

[3] The Capeces' petition actually alleged that the roadway had risen several feet.

Trial court's opinion at 4-5. This appeal followed.

The issue presented is whether an allegation that the market value of a parcel of property was depreciated due to a change of grade of an abutting street states a cause of action under the Code, absent an allegation of either interference with access or injury to surface support. Our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Borough of Dickson City v. Malley,* 94 Pa. Commonwealth Ct. 386, 503 A.2d 1035 (1986).

The Capeces' petition contains the following relevant allegations:

> 2. By reason of the aforesaid excavation, demolition and reconstruction, a 'de facto' taking of the subject premises was effected for the following reasons:
>
> . . .
>
> (b) The previously existing roadway was raised several feet, and the relationship between the subject residential building and the said Summit Avenue changed so that now the residential property is now several feet below the roadway, causing substantial depreciation of market value of the subject premises.
>
> . . .
>
> 3. By reason of the aforesaid, the subject residential property suffered a substantial depreciation of market value.

Petition for Appointment of Board of View at 2.

The City contends that a decrease in market value alone does not constitute a de facto taking, and that Section 612 of the Code sets forth damages which are compensable only after a de facto condemnation has been proved.

A de facto taking occurs when an entity clothed with the power of eminent domain substantially deprives an

owner of the use and enjoyment of his property. The landowner must establish that the deprivation was the direct and necessary consequence of the entity's action. *Borough of Dickson City,* 94 Pa. Commonwealth Ct. at 388, 503 A.2d at 1036.

The Capeces' petition clearly does not state a cause of action for a de facto taking of the whole property under Section 502(e) of the Code. In *Department of Transportation v. Kemp,* 100 Pa. Commonwealth Ct. 436, 515 A.2d 68 (1986) and *Department of Transportation v. Smoluk,* 100 Pa. Commonwealth Ct. 422, 514 A.2d 1000 (1986), *aff'd.* 517 Pa. 309, 535 A.2d 1051 (1988) , this Court held that the "mere unmarketability of a residential property does not substantially deprive the owner of his residential use unless the unmarketability is a result of the property's inevitable condemnation such that a cloud has been placed on the property's title rendering it completely valueless." *Kemp,* 100 Pa. Commonwealth Ct. at 444, 515 A.2d at 73. We concluded that because the owner of each property was not deprived of the residential use of the property, no de facto condemnation occurred. *Id.*

Our determination that there was no de facto taking of the whole property in the matter before us now does not dispose of the question whether or not the petition states a cause of action under Section 612 of the Code. Precedent indicates that a claim for just compensation due to a de facto taking is separate and distinct from a claim for consequential damages under Section 612 of the Code.

In *Oxford v. Department of Transportation,* 96 Pa. Commonwealth Ct. 68, 506 A.2d 990 (1986), the property owner brought a claim for damages under Section 417 of the State Highway Law,[4] and a claim for just compensa-

---

[4] Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. §570-417.

tion due to a de facto taking of his property. We first noted that the exclusive procedure for establishing a compensable injury and determining compensation, even under Section 417 of the State Highway Law, lay within the Code. We further noted that damages recoverable under Section 417 of the State Highway Law were similar to the consequential damages recoverable by an abutting property owner under Section 612 of the Code. After we determined that no Section 417 damages had occurred, we evaluated the alternate claim for compensation due to a de facto taking. It is clear from this two-step analysis that a claim for consequential damages under Section 612 is similarly separate and distinct from a claim due to a de facto taking.

Section 612 of the Code permits "abutting property owners recovery of consequential damages as a result of only three causes: (1) change of grade of a road or highway; (2) permanent interference with access to a road or highway; and (3) injury to surface support." *Oxford,* 96 Pa. Commonwealth Ct. at 72, 506 A.2d at 992.

In *Kemp* we noted that "[w]ithout question, the depreciation and the lack of marketability are compensable injuries to the property which may be recovered as damages resulting from the Department's taking of the property's frontage," although they did not constitute a de facto taking of the whole property. *Kemp,* 100 Pa. Commonwealth Ct. at 445, 515 A.2d at 73.

The Capeces' allegation of depreciation in market value due to a change in grade sets forth a cause of action under Section 612 of the Code. Having so determined, we remand the matter to the trial court for further proceedings consistent with this opinion.

ORDER

AND NOW, this 24th day of January, 1989, the order of the Court of Common Pleas of Philadelphia County

dated July 15, 1987, at February Term 1986, No. 651, is hereby vacated and this matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

Judge MACPHAIL did not participate in the decision in this case.