## Kahn v. PennDOT

*John M. McClure,* for plaintiff.

*Donna J. Campbell, assistant counsel,* for Penn-DOT.

RUFE, *J.,* April 18, 1991—Defendant in this case, the Commonwealth of Pennsylvania, Department of Transportation, filed preliminary objections in the nature of a motion to quash an invalid petition for viewers, motion to quash for lack of specificity and in the nature of a demurrer. The undersigned, by order dated January 9, 1991, denied said preliminary objections of the Commonwealth. Defendant has appealed in accordance with Pennsylvania case law, which holds that an order dismissing preliminary objections to petition for appointment of viewers alleging a de facto taking is a final and appealable order. *City of Pittsburgh v. Haffner,* 80 Pa. Commw. 53, 55 n.2, 471 A.2d 116, 117 n.2 (1984).

Where preliminary objections are filed with respect to a petition alleging a de facto taking of property, the court must determine as a threshold legal issue whether a sufficient cause of action has been stated based upon such a de facto taking. *Mountain Area Joint Sanitary Authority v. St. Jude Church,* 73 Pa. Commw. 185, 188, 457 A.2d 1024, 1025-6 (1983). If the averments in a petition, taken as true, are sufficient to state a cause of action for a de facto taking, a court may resolve this threshold legal issue without taking additional evidence. *Jennings v. Pennsylvania Department of Transportation,* 38 Pa. Commw. 206, 209, 395 A.2d 582, 582 (1978); see also, *In re Petition of Ramsey,* 20 Pa. Commw. 207,

574

210, 342 A.2d 124, 126 (1975). It is only in cases where it is unclear as to whether the petition has stated a cause of action that the trial court must take evidence by deposition or otherwise in order to make a judicial determination. *Stein v. City of Philadelphia*, 125 Pa. Commw. 225, 230, 557 A.2d 1137, 1140 (1989). We hold that the averments of the petition, if taken as true, sufficiently set forth a cause of action and therefore a hearing for the purpose of taking additional evidence is not required.

In so holding, we first analyze the facts of this case and make note of several case law rulings decided under the Eminent Domain Code. Plaintiffs in this case, George and Sylvia Kahn a/k/a George and Sylvia Kohen, are the record owners of the real estate located on the northeast corner of the intersection of County Line Road and Maple Avenue in Line Lexington, New Britain Township, Bucks County, Pennsylvania. The property is leased by Glenlar Corporation, which operates a restaurant/tavern on the property known as Suzy's Lounge. Beginning in late 1988, defendant undertook construction of vehicular traffic pattern changes on County Line Road and Route 309 directly in front of the plaintiffs' property. County Line Road, which had previously been a through road onto Route 309, was closed off to a dead end with a mound of dirt, thereby changing the grade and drainage of said road. Route 309 was widened and elevated on its eastern side, changing the grade of said road as well as changing the drainage onto County Line Road and onto plaintiffs' property. Plaintiffs allege that the change in the grade of said roadways has increased the drainage and water run-off onto their property. As a result, plaintiffs claim that a dangerous condition has been created for the patrons in the

parking lot, as well as damage to the surface of the lot, particularly due to freezing in winter months. Plaintiffs also contend that by closing off County Line Road where it previously intersected with Route 309, the Commonwealth has permanently interfered with their property by blocking off the most feasible means of access. In addition, plaintiffs assert that for various periods of time during the construction, defendant completely blocked off all means of ingress and egress from their property to the adjoining roadways. Based on these allegations, plaintiffs petitioned for the appointment of a board of viewers pursuant to 26 P.S. §1-502(e) (1969) to ascertain just compensation for the damages caused to the aforesaid property.

In determining the existence of a de facto taking, the court must first determine whether the entity charged with the taking was clothed with the power of eminent domain. *McGaffic v. Redevelopment Authority of New Castle,* 120 Pa. Commw. 199, 204, 548 A.2d 653, 655 (1988). It is undisputed that defendant, the Pennsylvania Department of Transportation, was clothed with such power. Secondly, the court must decide whether the entity has substantially deprived the owner of the use and enjoyment of his or her property. *Id.* The burden is on the property owner to show that exceptional circumstances have been created as a direct and necessary consequence of the entity's actions which have substantially deprived him of the use of his property. *Id.* The court must balance the interests of the property owner against the need for planning agencies to maintain planning flexibility. *Id.* at 205, 548 A.2d at 656. In addition, each case must be examined on its own facts in determining what constitutes a de facto taking. *Id.* Upon a review of the facts alleged in this case, we find that plaintiffs have met

their burden and have stated a cause of action for a de facto taking. In so holding, we accept plaintiffs' allegation that the blocking off of County Line Road's intersection with Route 309 has blocked off the most feasible means of access to its property. Plaintiffs' contention is that many potential patrons will be deterred from coming onto the property because it will be more difficult to gain access from the heavily travelled state road. Moreover, the fact that the Commonwealth has changed the grading of Route 309 and County Line Road in a way which causes substantial drainage onto the parking of Suzy's Lounge is further evidence of a de facto taking, if proven.

We note that the Pennsylvania Supreme Court has held that highway route barriers may become so circuitous as to represent an unreasonable and permanent interference with access to one's property despite the fact that access was not totally deprived. *Commonwealth v. Appointment of Viewers to Assess Damages to Property of McCrady,* 399 Pa. 586, 596, 160 A.2d 715, 720 (1960). In addition, we find that *Capece v. City of Philadelphia,* 123 Pa. Commw. 86, 552 A.2d 1147 (1989), is distinguishable because the petitioners in that case, in alleging the change of grading to an abutting street, did not allege interference with access or injury to surface support. *Id.* at 91, 552 A.2d at 1149. For that reason, the court found that the petitioners had not made a showing of a de facto taking under the Eminent Domain Code. *Id.* In the case at bar, however, plaintiffs have alleged both denial of access as well as surface damage as a result of the grading. Therefore, defendant's petition to quash invalid petition is denied.

The Commonwealth's second contention is that plaintiffs' petition should be quashed for lack of

specificity. This motion is essentially a motion for a more specific pleading under Pa.R.C.P. 1017(b)(3). The Commonwealth has asserted in its motion that the petition lacks detail and specificity sufficient to enable it to provide an answer without unreasonable and burdensome investigation and expense. Specifically, the Commonwealth contends in its preliminary objections that:

"The petition fails to allege with specificity what employees or agents of the Commonwealth allegedly performed such acts; what portions of the subject property were allegedly taken, what portions of the property have been structurally damaged, and what portions of the subject property have allegedly suffered structural damages, the location of the parking lot to the restaurant, and the location of the entrances of the subject property."

We find that plaintiffs' petition is sufficiently specific to enable defendant to answer without undue burden or expense. Although the petition may not be a beacon of light shining with clarity in all of its allegations, it appears sufficiently specific to enable the Commonwealth to prepare a defense. *Philadelphia County Intermediate Unit No. 26 v. Pennsylvania Department of Transportation,* 60 Pa. Commw. 546, 552, 432 A.2d 1121, 1125 (1981). From the record, it appears that the information that the Commonwealth seeks is either evidentiary in nature or is of such a character that defendant's knowledge of the facts is equal, if not superior, to that of plaintiffs. Therefore the Commonwealth's motion to quash due to lack of specificity is also denied.

The Commonwealth's final objection is in the nature of a demurrer. In support of this motion, the Commonwealth has cited plaintiff's failure to allege that the activities were necessary to carry out the public improvement or that plaintiffs' injuries were

"the immediate, direct, necessary and unavoidable consequence of the making of the public improvement as opposed to the negligent action of the Commonwealth's agents." Defendant's preliminary objections at paragraph 12. Although plaintiffs did not use such demonstrative adjectives, they stated that defendant's actions gave rise to compensable damages and were the result of the lawful exercise of the power of eminent domain. Plaintiff's petition at paragraph 10. Therefore we find that the plaintiffs have sufficiently alleged the causation element of their cause of action and that the Commonwealth's demurrer should be denied. See *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 408 (1985) (a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted).

Accordingly, we entered our order of January 9, 1991 denying defendant's preliminary objections.