IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark A. Kriner and     :
Amy J. Kriner      : No. 1772 C.D. 2015
           : Argued: June 6, 2016
     v.      :
           :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
           :
     Appellant  :


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK      FILED: September 26, 2016


   The Department of Transportation (Department) appeals the order of the York County Court of Common Pleas (trial court) overruling its preliminary objections to the Petition for Appointment of Viewers (Petition) filed by Mark A. Kriner and Amy J. Kriner (Condemnees) and denying its motion for an evidentiary hearing. We vacate and remand.

   Condemnees own property at 600 Pleasant Grove Road, Red Lion, York County, which includes a barn that abuts the road. The Department began conducting paving work on the road in 2009 that included resurfacing the road. In April 2015, Condemnees filed the Petition alleging both a *de facto* taking under Section 502(c) of the Eminent Domain Code[1] and an action for consequential

---

[1] 26 Pa. C.S. §502(c). Section 502(c) states, in relevant part:

**(Footnote continued on next page…)**

damages under Section 714 of the Eminent Domain Code (Code).[2]  Count I alleged a *de facto* taking based on a change of grade of the road that exacerbated water flow against the barn's foundation resulting in the removal and interruption of surface support causing fracturing and bowing of the barn's foundation wall.  The Petition also alleged that the road work otherwise injured the property and the barn depriving Condemnees of the beneficial use and enjoyment of their property requiring demolition and reconstruction of the barn.  Reproduced Record (R.R.) at 3a-4a.  Count II of the Petition alleged that Condemnees also suffered consequential damages resulting from the change of grade of the road and/or injury

_____

**(continued…)**

> (c)   Condemnation where no declaration of taking has been filed.—
>
> (1)  An owner of a property interest who asserts that the owner's property interest has been condemned without the filing of a declaration of taking may file a petition for the appointment of viewers . . . setting forth the factual basis of the petition.
>
> (2)   The court shall determine whether a condemnation has occurred, and, if the court determines that a condemnation has occurred, the court shall determine the condemnation date and the extent and nature of any property interest condemned.
>
> (3)  The court shall enter an order specifying any property interest which has been condemned and the date of the condemnation.

[2]  26 Pa. C.S. §714.   Section 714 states that "[a]ll condemnors, including the Commonwealth, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access or injury to surface support, whether or not any property is taken."  A claim for just compensation due to a *de facto* taking is separate and distinct from a claim for consequential damages under the Code.  *Capece v. City of Philadelphia*, 552 A.2d 1147, 1149 (Pa. Cmwlth. 1989).

to surface support. *Id.* at 5a. Pursuant to Section 504(a)(1) of the Code,[3] the trial court appointed a board of viewers (Board).

In May 2015, the Department filed timely preliminary objections to the Petition.[4] The Department contested that the Petition set forth a valid *de facto* condemnation under Section 502(c), alleging that Condemnees had failed to specify what Department actions caused a *de facto* taking; whether it was a partial

---

[3] Section 504(a)(1) of the Eminent Domain Code states:

(a) Court to appoint.—

(1) Upon the filing of a petition for the appointment of viewers, the court, unless preliminary objections to the validity of the condemnation . . . are pending, shall promptly appoint three viewers who shall view the premises, hold hearings and file a report.

26 Pa. C.S. §504(a)(1).

[4] Section 504(d) states, in relevant part:

(d) Preliminary objections.—

(1) Any objection to the appointment of viewers may be raised by preliminary objections filed within 30 days after receipt of notice of the appointment of viewers.

\* \* \*

(4) The court shall determine promptly all preliminary objections and make any orders and decrees as justice requires.

(5) If an issue of fact is raised, the court shall conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise, but in no event shall evidence be taken by the viewers on this issue.

26 Pa. C.S. §504(d)(1), (4), (5).

or a total taking; the nature of the title taken; and a description of the property taken. R.R. at 21a. The Department also asserted that it had only performed routine maintenance of the road within its right-of-way without any change to its storm water rights at that location; Condemnees were not deprived of the beneficial use and enjoyment of their property; and Condemnees cannot produce competent evidence of any impact to their property by its activities. *Id.* at 21a-22a. The Department also averred that any remedy for any purported damage to Condemnees' property sounds in negligence and not a taking under the Eminent Domain Code. *Id.* at 22a. Finally, the Department asked the trial court to "schedule a hearing regarding the [Petition] filed by [Condemnees] and [the] preliminary objections thereto," citing Section 502(c)(2) and (3) and *Millcreek Township v. N.E.A. Cross Co.*, 620 A.2d 558 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 739 (Pa. 1994).[5] *Id.* at 27a.

In the order overruling the Department's preliminary objections and denying its motion for an evidentiary hearing, the trial court stated that the Department did not file a motion for reconsideration of its prior order appointing the Board and that the preliminary objections and motion for an evidentiary hearing were "not appropriate at this point." R.R. at 57a. The court explained that "it appears that the Department intends [to] argue its case preliminarily to the Court instead of properly raising its position before the [Board]. The Court sees no basis for or merit in the relief requested by the Department." *Id.* at 57a-58a.

---

[5] In *Millcreek Township*, we explained that "[b]y the plain language of [the former] section 504, a trial court needs to take evidence only if one or more issues of fact are raised the resolution of which are necessary to ruling on the threshold question of whether a *de facto* taking has occurred." 620 A.2d at 560.

4

In the Pa. R.A.P. 1925(a) opinion filed in support of its order, the trial court explained:

> The Department also raises, for the first time, an argument that it is entitled to an evidentiary hearing. This argument was not made in the Preliminary Objections and only a "respectful request, for an evidentiary hearing was made." While reference to 26 Pa. C.S. §502(c)(2) & (3) was made in the POs, nothing in that statute states that the Court must make the determination of condemnation at a specific time. In fact, 26 Pa. C.S. §[502](c)(1) states that the condemnee in an inverse taking may file a petition for appointment of [a] board of viewers. The Board only determines just compensation. It is not error for the Court to wait until the conclusion of the Board's hearing to see if the Department will object or appeal the decision before undertaking the lengthy process of an evidentiary hearing.

R.R. at 97a-98a.

On appeal,[6] the Department argues that the trial court erred in failing to dismiss the Petition because it does not adequately allege a compensable *de facto* taking,[7] and in failing to conduct a hearing on disputed issues of fact.

---

[6] Our review of a trial court order overruling preliminary objections to a petition for the appointment of a board of viewers is limited to determining whether the trial court abused its discretion or committed an error of law. *Snap-Tite, Inc. v. Millcreek Township*, 811 A.2d 1101, 1105 (Pa. Cmwlth. 2002).

[7] This Court has explained:

> In order to prove a *de facto* taking, the property owner must establish exceptional circumstances that substantially deprived him of the beneficial use and enjoyment of his property. **This deprivation must be caused by the actions of an entity with eminent domain powers. Also, the damages sustained must be an immediate, necessary and unavoidable consequence of the exercise on the entity's eminent domain powers. A *de facto***

**(Footnote continued on next page…)**

5

Because the trial court was required to make an initial determination of whether the Petition alleged a compensable *de facto* taking or a valid claim for consequential damages under the Code, and to receive evidence on the disputed issues of fact, we are compelled to vacate and remand.

---

**(continued…)**

> **taking is** not a physical seizure of property; rather, it is **an interference with one of the rights of ownership** that substantially deprives the owner of the beneficial use of his property. The beneficial use of the property includes not only its present use, but all potential uses, including its highest and best use.

*York Road Realty Co. v. Cheltenham Township*, 136 A.3d 1047, 1050-51 (Pa. Cmwlth. 2016) (citation and footnote omitted and emphasis in original).

Moreover, the property owner must establish that the *de facto* taking was pursuant to the entity's eminent domain powers:

> The decision of whether a compensable taking has occurred **requires an initial determination that the act complained of was, in fact, an exercise of eminent domain power**. Acts not done in the exercise of the right of eminent domain and not the immediate, necessary or unavoidable consequences of such exercise cannot be the basis of a proceeding in eminent domain.
>
> Eminent domain is the power to take property for public use and compensation must be paid for property that is taken, injured or destroyed. Police power, on the other hand, is the inherent power of the government to enact and enforce laws for the promotion of health, safety, and general welfare. The difference lies in the nature of the action at issue. Did the government enact or enforce a law or rule, or otherwise "control" the use of property for the health, safety or welfare of the public? Or did it take property for the public's benefit?

*Id.* at 1050 n.3 (citations omitted and emphasis in original).

Preliminary objections filed pursuant to Section 504(d) of the Code serve a different purpose than preliminary objections filed in other civil actions. In eminent domain cases, preliminary objections are intended as a procedure to expeditiously resolve the factual and legal challenges to a declaration of taking or a petition for the appointment of viewers. As this Court has explained:

> [W]hen reviewing preliminary objections to a petition for the appointment of viewers,
>
> > [t]he trial court must determine whether, as a matter of law, the **averments** of the petition for the appointment of viewers, **taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a *de facto* taking**. If not, the preliminary objections must be sustained and the petition dismissed or allowed to be amended. **If the averments, taken as true, *might* establish a *de facto* taking, the trial court must take evidence by depositions, or otherwise, *so that a judicial determination might be made*.**

*York Road Realty Co. v. Cheltenham Township*, 136 A.3d 1047, 1052 (Pa. Cmwlth. 2016) (citations omitted and emphasis in original). Moreover, as stated above, Section 504(d)(5) of the Code specifically provides that "[i]f an issue of fact is raised, the court *shall* conduct an evidentiary hearing or order that evidence be taken by deposition or otherwise, *but in no event shall evidence be taken by the viewers on this issue.*" 26 Pa. C.S. §504(d)(5).

In the instant Petition, Condemnees alleged that: the Department has condemnation power, R.R. at 4a, ¶12; "exceptional circumstances" have "substantially deprived them of the use and enjoyment of their property," *id.* at 3a, ¶12; the Department performed roadwork abutting their property near their barn, *id.* at 3a, ¶¶5, 8; the work included "changing the grade of the road thereby causing

7

or exacerbating the flow of water onto [their] property" and the Department "perform[ed] the road work in a manner that has resulted in injury to the Property," *id.* at 3a-4a, ¶10(a)-(c); the complained-of actions compromised the barn's structural integrity requiring its demolition, *id.* at 3a, ¶6, 4a, ¶12; and the foregoing is the immediate, necessary, and unavoidable consequence of the Department's actions. *Id.* at 4a, ¶13.

These averments, taken as true, might establish a *de facto* taking of Condemnees' property. *See, e.g., Ostoich v. Wilson*, 406 A.2d 1200, 1201 (Pa. Cmwlth. 1979) (holding that the Department's highway improvements over a four-year period that caused periodic flooding and damage to portions of adjacent property constituted a *de facto* taking); *Gerner v. Borough of Bruin*, 390 A.2d 319, 320 (Pa. Cmwlth. 1978) (holding that a borough's grading and paving of an alley that caused surface water to flow onto adjacent property and damage pine trees constituted a *de facto* taking); *Lerro v. Department of Transportation*, 379 A.2d 652, 653 (Pa. Cmwlth. 1977) (holding that highway improvements, grading and contouring done by the Department, a township, and a borough that resulted in the flooding of and damage to portions of adjacent property constituted a *de facto* taking).

In its preliminary objections, the Department objected in the nature of a demurrer challenging the Petition's validity on its face. In the alternative, the Department provided a verified answer to the Petition's allegations regarding its roadwork. The Department raised disputed issues of fact regarding whether its road maintenance and paving within its legal right of way did not impact Condemnees' property or the barn or any other structures on the property, and alleged that the routine maintenance and paving did not result in a change in

8

grade,[8] did not divert the natural flow of water onto Condemnees' property, and did not cause damage or affect surface support. R.R. at 24a-26a. The Department also specifically requested an evidentiary hearing on the Petition. *Id.* at 27a.

Based on the foregoing, the trial court erred in refusing to hold an evidentiary hearing or receive evidence by deposition or otherwise, and referring the matter to the Board, thereby improperly delegating its duty to make the initial determination of whether a *de facto* taking occurred and to what extent, and whether Condemnees are entitled to consequential damages under the Code. 26 Pa. C.S. §504(d)(5). As a result, the matter will be remanded to the trial court. *See, e.g., Campbell v. Lower Providence Township*, 705 A.2d 478, 482 (Pa. Cmwlth. 1997) ("This Court has held repeatedly that the [trial court] must resolve factual questions raised by an objection and decide the threshold legal issue of whether there has been a *de facto* taking or compensable injury. [*Millcreek Township*]. This case must be returned to the trial court for such a determination.").

Accordingly, the trial court's order is vacated and the case is remanded for proceedings consistent with the foregoing opinion.

_____
MICHAEL H. WOJCIK, Judge

---

[8] *See, e.g., Daw v. Department of Transportation*, 768 A.2d 1207, 1210-11 (Pa. Cmwlth. 2001), *appeal dismissed*, 832 A.2d 1064 (Pa. 2003) ("[W]hen a change in grade of the abutting street causes water run-off to damage property, a landowner is not limited to a trespass action to recover for damage to his or her property, but can also bring an action under [the predecessor to Section 714] for a *de facto* taking. However, unlike a trespass action, to make out a claim for consequential damages, the landowner must establish both that there was a change of grade and that change caused the damages to landowner's property.") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark A. Kriner and                              :
Amy J. Kriner                                   : No. 1772 C.D. 2015
                                                :
                v.                              :
                                                :
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :
                                                :
                Appellant                       :

O R D E R

AND NOW, this 26th day of September, 2016, the order of the York County Court of Common Pleas dated August 21, 2015, at No. 2015-SU-001321-64 is VACATED and the matter is REMANDED to that court for proceedings consistent with the foregoing opinion.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge